IN

# THE SUPREME COURT

OF

# THE STATÉ OF LOUISIANA.

---

### WESTERN DISTRICT.
## ALEXANDRIA, OCTOBER, 1839.

---

SCOTT'S EXECUTRIX *vs.* GORTON'S EXECUTOR.[*]

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

WESTERN DIST.
October, 1839.

SCOTT'S EXECU-
TRIX
*vs.*
GORTON'S EX-
ECUTOR.

14L 111
47   96

A. B. *executor* of C. D. cannot contract with A. B., because A. B. executor and A. B. are both one natural person. So the agent of an executrix for the sale of the estate she administers, cannot contract with himself and buy at the sale part of that estate; because the agent of the executrix is seller and buyer, and are both one and the same natural person; there is no mutation of property.

Where the wife is executrix, selling the property of a succession, and her husband acts as her agent in making the sale, and purchases, if there be any mutation of property, it would pass from the wife to the husband and wife, and belong to the community. The law inhibits all contracts between husband and wife.

This is an action by the plaintiff, acting as the executrix of her deceased husband's succession, to recover the sum of

---

[*] This case was decided at the last term of this court, and a re-hearing granted.

WESTERN DIST.
October, 1839.

SCOTT'S EXECU-
TRIX
vs.
GORTON'S EX-
ECUTOR.

six hundred and five dollars, being the difference in loss between the first and second adjudications of a negro woman and her child, sold at probate sale, and adjudicated to George Gorton, as the highest and last bidder.

The probate sale of the slaves in question, was made under a decree of the Probate Court, provoked by one of the heirs, in a suit against the *widow and heirs* of Thomas C. Scott, deceased. The decree is as follows: " It is ordered that a partition take place as prayed for ; and it appearing from the report of experts that the property of said succession cannot be divided in kind without injury to the heirs ; and moreover, that a sale is absolutely *necessary for the payment of debts* ; it is further ordered and decreed, that the proceedings of the family meeting which have been had, be confirmed, and that the parish judge, acting as auctioneer, proceed to sell the property of the succession of T. C. Scott, deceased ; and that a final partition take place between the said *widow* and heirs ; and that the *debts of said succession be paid*, &c."

The widow was owner, as partner in community, of half of the estate left by the deceased, after payment of the debts. She was also executrix, and administered the estate, with the agency of her second husband. At the sale which took place in obedience to the above decree of the Court of Probates, George Gorton became the purchaser of a negro woman, named Nancy, and her child, for the price of one thousand one hundred and sixty-five dollars. On examining the woman, and after the sale had closed, Gorton refused to comply with his bid, on account of supposed redhibitory defects and vices, which he averred were known to the seller, and not made known to the bidders.

These slaves, after this refusal, were re-advertised and sold on account of Gorton, and J. K. Elgee, the husband and agent of the executrix, purchased them in, for the price of five hundred and sixty dollars, leaving a difference against Gorton between the first and last sale of six hundred and five dollars, for the recovery of which this suit was brought.

The defendant, Gorton, pleaded a general denial ; and

averred that the slaves in question, or the woman, was sub-
ject to redhibitory defects and vices, at the time of sale,
within the knowledge of the plaintiff, which she was bound
to declare.    That the suppression of these facts was a cause
of nullity, and also subjected the seller to damages.    He
prays that the suit be dismissed ; but if the defects and vices
are not so great as he believes, that a deduction be made in
the price in proportion to the defects.

There was testimony taken on both sides under this issue ;
but the case has turned in this court entirely on the right
and capacity of the plaintiff, or executrix, to purchase by her
agent, at a sale made of the property of an estate she admin-
istered ; the evidence in relation to the redhibitory vices, set
up in the answer is, therefore, not noticed.

There was a verdict and judgment for the plaintiff; and
Gorton having died, his executor appealed.

*Elgee,* for the plaintiff, insisted on the affirmance of the
judgment.    It was fully supported by the evidence.

*Hyams,* for the defendant, contended, that the plaintiff
could not recover, because, she being the executrix, could
not buy at her own sale, either by herself or agent.    He
could not buy an article he was employed to sell.    That, in
fact, there was no re-sale of the property.    *Beall* vs.
*McKernion,* 6 *Louisiana Reports,* 407.    18 *Duranton,* 216.    4
*Martin, N. S.* 267.

2. The husband of the plaintiff could not purchase for her,
because it would be a purchase for the community.    *Louisi-
ana Code,* 2371.

3. The law forbids, on pain of nullity, the executrix to
purchase property administered by her.    *Louisiana Code,*
1042, 1139, 1784.    9 *Louisiana Reports,* 48, 351.

4. So strict is the law, that even a partnership cannot
purchase, where the *representative* of the estate to be sold, is
one of the partners. 11 *Martin,* 297. 8 *Martin, N. S.* 165.

*Elgee,* in reply, urged that the prohibition to purchase at
sales of estates administered by them, did not extend or

WESTERN DIST. apply to executors. It only embraced administrators, cura-
October, 1839. tors, &c. : and the reason was, they were not generally heirs,

SCOTT'S EXECU- but strangers. The executrix, in this case, is the widow in
TRIX community, and is entitled to half the proceeds of the estate
*vs.* in her own right. Surely she should be allowed to purchase
GORTON'S EX- in any favorite slave she might want. Heirs are permitted
ECUTOR. to purchase in sales to effect a partition or otherwise.

2. The widow is allowed to bid in property at the estima-
tive price in the inventory, and she takes it by a good title,
and becomes responsible for the price to the other heirs.

*Martin, J.,* delivered the opinion of the court.

In this case the defendant, executor of Gorton, is appellant
from a judgment which condemns him to pay a certain sum,
as the difference between two adjudications of property,
which he bid off at the first sale of the succession of the late
Judge Scott.

The facts of the case show that the defendant's testator
became the last and highest bidder of two slaves, at the
probate sale of said succession, and refused to comply with
the terms thereof. The slaves were put up a second time,
and adjudicated to the husband and agent of the executrix,
for a less sum than the price for which they were bid off at
the first adjudication, and the present suit is instituted to
recover the difference, under the 2589th article of the
Louisiana Code.

A recovery has been resisted on several grounds, the prin-
cipal one of which is that the re-sale produced no mutation
of property, the purchaser being the agent of the seller. In
all contracts there must be at least two parties, the *aggregatio
mentium* of two natural persons. A. B. executor of C. D.
cannot contract with A. B., because A. B. executor, and A.
B., are both one natural person. So, the agent of the execu-
trix, for the sale of the property of the estate, could not
contract with himself, and purchase part of that estate;
because the agent of the executrix, the seller, and the pur-
chaser, are both one and the same natural person. *Beall* vs.
*McKernion,* 6 *Louisiana Reports,* 407.

WESTERN DIST.
October, 1839.

SCOTT'S EXECU-
TRIX
vs.
GORTON'S EX-
ECUTOR.

Secondly, there was no mutation of property, because the law inhibits all contracts between husband and wife. *Louisiana Code, article* 1784. The present case offers no exception to this principle. If by the sale there was any mutation of property, it passed from the wife to the husband and wife. The community of acquests and gains is always presumed, and when it exists, the property acquired by either husband or wife, is common to both. If, therefore, the purchaser acquired property to the slaves, they became common to him and the seller. The wife having the administration of the property of the succession, was disabled by law from purchasing any part of it. *Article* 1784:

We have not inquired whether the law be different in a case in which no community of property exists, because this is not suggested in the present case, and the community exists whenever it is not excluded. For these reasons we conclude that the re-sale wrought no mutation of property.

This conclusion renders it unnecessary to examine any of the other questions raised in the defence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that ours be for defendant, with costs in both courts.