MᴄGʀᴀᴛʜ
*v.*
Tʏsᴏɴ.

---

Sᴜᴄᴄᴇssɪᴏɴ ᴏꜰ Dᴀᴠɪᴅ Wʜɪᴛᴇ——Mᴏᴏʀᴇ, Administrator, *v.* Cʜʀɪsᴛᴏ-
PHERSON.

The curator of a vacant succession is prohibited from purchasing by himself or by means of another any property entrusted to his administration.
A purchaser at a probate sale, can not be compelled to take property and pay the price, where he can show that the title to the property is not good.
C. P. 710, 711.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Collins*, for plaintiff and appellant. *Moïse* & *W. M. Randolph*, for defendant.

Sʟɪᴅᴇʟʟ, C. J. (Vᴏᴏʀʜɪᴇs, J., absent.) At a sale made at auction by order of court and upon petition of the administrator, in the matter of the succession of *David White*, a lot of ground was knocked down to *Christopherson*, at the price of $1630 cash. By the terms of the advertisement a deed of sale was to be executed before a Notary. The purchaser refusing to receive the property and comply with the terms of sale, a rule to compel him was taken. It resulted in a dismissal of the rule, from which judgment the administrator has appealed.

The material facts are as follows: on the death of *Felix Mohan*, who once owned this property, *David White* qualified as curator of his succession. He obtained on order of sale, and at the probate sale *Anderson* became the ostensible purchaser. But in fact he bought for the curator *David White*, and paid for it with *White's* money. Some time afterwards, *White* died, his son qualified as administrator, and received in that capacity a conveyance of the lot from *Anderson*, in which he recites that it now belonged to him, but was placed in his name for the sake of convenience, and actually belonged to *David White*, who had paid the price. The title of the property being thus vested in *White's* succession, it was bid off at his succession sale to *Christopherson* as already stated.

His objection to complete the sale, is that the purchase by *White* through *Anderson*, was null and void. Under Article 1139 of the Civil Code, which declares that "every curator of vacant successions or of absent heirs, is prohibited from purchasing by himself or by means of a third person, any pro-

perty, movable or immovable, entrusted to his administration, under the pain of nullity (sous peine de nullité) and responsibility for all damages caused thereby."

We concur with the District Judge in the conclusion that it is inequitable to compel *Christopherson* to accept the property and pay the price under the circumstances stated. The title he would receive would be fraught with danger. There is nothing to show conclusively that the heirs or creditors of *Mohan* would be estopped from disputing *White's* acquisition through the person secretly interposed. It does not appear that the creditors of *Mohan's* succession when they took the dividend of the price paid by *Anderson*, knew the true circumstances of his purchase; and for aught that appears to the contrary, the heirs of *Mohan*, or his creditors if they have not been paid in full, could sue the succession of *White* for a rescission and damages. Nor are we prepared to say that *Christopherson* could resist such an action if he should pay his bid and take possession, after the notice he now has of the true circumstances of *Anderson's* purchase as explained in the deed to *White's* administrators; information which it does appear he possessed when he made his bid.

The case of *Abat* v. *Casteres*, 3 N. S. 220, and others cited by the appellant, and Article 710 and 711 of the Code of Practice, do not meet this case. This was not a sale under execution, nor has the purchaser gone into possession.

Judgment affirmed, cost of appeal to be paid by appellant.