DRAGON ET AL. v. ANSARDI ET AL.

(November 16, 1927. Opinion and Decree.)

Oliver S. Livaudais, of New Orleans, attorney for plaintiffs, appellants.

Sanders, Baldwin, Viosca & Haspel and Robert Weinstein, of New Orleans, attorneys for Mrs. David Savois, appellee.

Leander H. Perez, of New Orleans, attorney for Adam Ansardi, defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action. The petition recites that plaintiffs, Arthur Dragon and Mrs. Julie Marie Dragon, wife of Lambert Dragon, are the children of Mrs. Euranie Barras, widow of Jacques Dragon, who died in the parish of Plaquemines on the 19th day of April, 1909, possessed of an undivided one-half interest in certain property described in the petition; that petitioners, the son and daughter, respectively, of Mrs. Euranie Barras Dragon, were recognized and sent into possession of said property as sole heirs; that Joseph Savoie was appointed administrator of the succession of their said mother and provoked a sale of the property described in the petition; that Joseph Savoie died in the parish of Plaquemines, leaving a last will and testament constituting his sister, Miss Josephine Savoie, his universal legatee; that she was recognized as such and sent into possession of the property; that Josephine Savoie, on December 19, 1921, was plaintiff in a suit filed in the Twenty-ninth judicial district court for the parish of Plaquemines, wherein she averred that she had been put in possession of the property by judgment of that court as universal legatee of Joseph Savoie; that Joseph Savoie acquired the property from the succession of Mrs. Euranie Barras Dragon at sheriff's sale on October 20, 1910, but that, for purposes of convenience, the property was put in the name of the late David Savoie, who acted as agent of Joseph Savoie in buying the property; that Joseph Savoie paid the purchase price, and David in nowise contributed to the purchase of the property other than allowing his name to be used for purposes of convenience; that the said David Savoie died on January 12, 1913, leaving as his widow in community Mrs. Nora Martin Savoie, and as his sole and only heir, Josephine Agatha Savoie, his daughter; that Joseph Savoie took possession of the property immediately on the purchase of

same, and paid the taxes and continued in the possession until his death; that neither David Savoie nor Mrs. Nora Martin Savoie, his widow, had ever claimed ownership of the property, or exercised any rights in connection therewith; that Mrs. Nora Martin Savoie, individually and as natural tutrix, answered admitting the allegations of the petition, and that, after a trial upon the merits, there was judgment recognizing Miss Josephine Savoie as the true and lawful owner of the property in question; that Josephine Savoie died at her domicile in Plaquemines parish on the 23d of December, 1927, leaving a will, which was duly probated, constituting Josephine Agatha Savoie her universal legatee, and that the said Josephine Agatha Savoie was recognized as such by judgment in the succession of her aunt under date of May 24, 1928; that under the law, the sale of the undivided one-half interest in the property made by Frank C. Mevers, sheriff of Plaquemines parish, to David Savoie for account of Joseph Savoie was and is an absolute nullity for the reason that Joseph Savoie "was not surviving partner in community, or ordinary partnership, nor an heir or legatee of the deceased, nor the holder of any mortgage or vendor's lien on said property and that, as administrator of said estate, under Civil Code, article 1146, he was prohibited from purchasing by himself, or by means of a third person any property, movable or immovable, intrusted to his administration under pain of nullity and responsibility for all damages caused thereby; that the present owner, Adam Ansardi, had due notice of the fact that said sale was a nullity, or should have known of the nullity thereof for the reason that all the facts, as above recited, were placed of record by the registration and recordation of the judgments and documents in the Conveyance and Mortgage Offices of this Parish, as above set forth."

The petition concludes with a prayer for citation against Mrs. Nora Martin, widow of David Savoie (now wife of Ferdinand Colomb), individually and as natural tutrix of the minor, Josephine Agatha Savoie, and Adam Ansardi, and for judgment in favor of plaintiffs declaring the sale of the property in the succession of Mrs. Euranie Barras, widow of Jacques Dragon, through Frank C. Mevers, sheriff, on the 16th day of April, 1910, and the judgment rendered in the matter of Miss Josephine Savoie vs. Mrs. David Savoie, No. 2412 of the docket of the Twenty-ninth judicial district court for the parish of Plaquemines, and the sale by Miss Josephine Savoie to Adam Ansardi by act executed before Frank J. Lobrano, clerk of court and ex-officio notary public for the parish of Plaquemines on the 31st day of December, 1921, to be null and void and of no effect, in so far as it applies to the undivided one-half interest in the property therein described, which belongs to the succession of Mrs. Euranie Barras Dragon, and that there be further judgment recognizing said undivided one-half interest in the said hereinabove described property to be presently the property of the estate of Mrs. Euranie Barras Dragon.

To this petition, both defendants filed exceptions of no cause of action, and Mrs. Nora Martin Savoie (now wife of Fernand Colomb), the mother of Josephine Agatha Savoie, in addition, filed an exception of misjoinder.

The petition is unnecessarily involved, but in its essence this suit is a petitory action in which plaintiffs claim title to an

undivided one-half of certain described real estate as heirs of their mother, to whose succession the property is alleged to belong, upon the ground that the purported sale of the property by the sheriff in their mother's succession is an absolute nullity, because the purchaser, David Savoie, was a party interposed for Joseph Savoie, the administrator of the succession, who, under article 1146 of the Revised Civil Code, is prohibited from purchasing the property. The only necessary party to this action is the party in possession of the property, Adam Ansardi. The issue tendered is one of title. Beland & Johnson v. Gebelin, 46 La. Ann. 326, 14 So. 843. All that part of the petition which relates to the former litigation between the members of the Savoie family, resulting in a judgment recognizing the heir of Joseph Savoie, the administrator, as the owner, is mere surplusage. When the time comes to prove the allegations with respect to the nullity of the administrator's sale, the probative value of the evidence in that suit will be considered, if it is offered, but at present we are not concerned with it. Nor is it necessary to attack the several judgments of court affecting this property, because plaintiffs' suit is based upon an absolute nullity, which requires no judicial declaration of nullity, since it has had no legal existence and may be ignored.

It is a rule of almost every system of jurisdiction that executors, administrators, and others acting in a fiduciary capacity cannot purchase the property of the estates they administer; they are mandataries; the same person cannot be both buyer and seller; nor will the law permit them to occupy a position in which the presumption is, that they would sacrifice the interests of others to the interests of themselves; trustees can never be purchasers; and what they cannot do directly themselves, they cannot do indirectly through the intervention of third persons; such sales are null; and the nullity is absolute and incurable. Civ. Code, art. 1146; Harrod v. Norris, 11 Mart. (O. S.) 297, 13 Am. Dec. 350; Longbottom v. Babcock, 9 La. 44; Macarty v. Bond, 9 La. 351, 355; Scott v. Gorton, 14 La. 111, 33 Am. Dec. 576; Porter v. Depeyster, 18 La. 351; Succession of White, 9 La. Ann. 232; Wood's Heirs v. Nicholls, 33 La. Ann. 744; Self's Heirs v. Taylor, 33 La. Ann. 769; Succession of Hawthorne, 158 La. 637, 104 So. 481.

Nor do we consider that Mrs. Nora Martin Savoie, individually and as tutrix, is a necessary party to this proceeding. It is objected that we cannot consider the exception of misjoinder since the matter was not passed upon below. Gordon v. Business Men's Racing Association, 140 La. 674, 73 So. 768. There can be no doubt that an appellate court may not consider any question which has not been first determined by the court of original jurisdiction; consequently we may not consider the exception of misjoinder. But the exception of no cause of action filed on behalf of Mrs. Nora Martin Savoie seems to us sufficient to reach the point under consideration. Article 43 of the Code of Practice provides:

"The petitory action, or one by which real property, or any immovable right to such property may be subjected, is claimed, must be brought against the person, who is in the actual possession of the immovable, even if the person having the possession be only the farmer or lessee."

In Dauterive v. Opera House Association, 46 La. Ann. 1316, 16 So. 170, the court said:

"In a petitory action it is competent for the plaintiff to set up the absolute nullity of any antecedent judicial proceedings, with the view of disembarrassing the title under which he asserts ownership of the property, without formally making the participants therein parties to the suit."

The reason for the existence of a cause of action against Mrs. Nora Martin Savoie is based upon the erroneous idea that there exists a necessity for a judgment declaring the proceedings, by which she obtained title to the property, a nullity. In a proceeding of this kind, where, as has been said, the defect of the possessors in title results from an absolute nullity, there exists no necessity for a judicial declaration to that effect since, in the eye of the law, it has no existence whatever, and may be ignored. Plaintiffs' suit must stand or fall upon their ability to establish by competent evidence the fact upon which they rely, to-wit, the sale by an administrator to himself of property under his administration through a person interposed. If this fact can be established, plaintiffs must succeed; otherwise fail.

For the reasons assigned, the judgment appealed from, in so far as it maintains the exception of no cause of action in favor of Mrs. Nora Martin, widow of David Savoie, present wife of Fernand Colomb, individually and as natural tutrix of the minor, Josephine Agatha Savoie, is affirmed. In all other respects, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this cause be remanded to the Twenty-fifth judicial district court for the parish of Plaquemines for further proceedings according to law, and not inconsistent with the views herein expressed.