### GAS LIGHT AND BANKING COMPANY v. B. HAYNES, Liquidator.

Where a liquidator has been appointed in pursuance of law for an insolvent corporation, it is his duty to enforce contributions from stockholders who are indebted, to meet the liabilities of the corporation. Individual creditors can compel him by action to do so, and they have not the right, while he is acting, to institute suits against the stockholders to enforce the payment of their claims.

Where an insolvent corporation is in process of liquidation, in the hands of a liquidator appointed under the law, there is but little ground for considering that prescription runs in favor of the corporation, during the term of liquidation.

APPEAL from the District Court of East Feliciana, *Stirling*, J. *E. T. Merrick*, for plaintiffs. *Z. S. Lyons*, for defendant. The judgment of the court was pronounced by

PRESTON, J. By the 5th section of the act passed in 1833, to incorporate the Clinton and Port Hudson Railroad Company, the president and directors were authorized to borrow money for the objects of the act, by the pledge of stock or other security, and to issue certificates or other evidence of such loans.

At the next session of the Legislature, in 1834, the capital of the company was increased five hundred thousand dollars, of which two hundred and fifty thousand dollars was to be obtained by a loan on real security, and, to secure the loan, a subscription of stock to the amount of three hundred thousand dollars was authorized. The president, directors and company, were further authorized to execute and negotiate bonds to the amount of two hundred and fifty thousand dollars, bearing five per cent interest, payable semi-annually. Bonds to the amount of seventy-five thousand dollars were made payable in eight years; seventy-five thousand dollars in fifteen years, and one hundred thousand in twenty years after date. And, to secure the capital and interest of the bonds, the subscribers to the stock were bound to give mortgages to the satisfaction of the president and directors of the company, on property to be, in all cases, equal in value to the amount of the stock respectively held by them.

In 1836, the General Assembly exonerated the New Orleans Gas Light and Banking Company, from their obligation to establish a branch of the bank at Port Hudson, in consideration of their agreeing to purchase the bonds thus to be issued by the Clinton and Port Hudson Railroad Company, and to loan the company the sum of one hundred thousand dollars, to be applied to the construction of the railroad. This arrangement was consummated by a contract between the companies, and in consideration of the loan, bonds to the amount of one hundred thousand dollars were issued, bearing six per cent interest.

The Clinton and Port Hudson Railroad Company has forfeited its charter; was put into a state of liquidation by an act approved the 26th of March, 1842, and is hopelessly insolvent.

By an act of the Legislature, approved the 21st of March, 1850, "for the further liquidation of the Clinton and Port Hudson Railroad and Banking Company," the governor was directed to appoint a liquidator, who was to continue in office three years from the date of his appointment, whose duty it shall be to liquidate the affairs of this insolvent corporation, so far as it has not already been done, as speedily as possible, in pursuance of the provisions of the act, and the

several acts in force relative to the liquidation and final settlement of insolvent corporations. He was required to call on his predecessor, and obtain from him all the books, accounts, documents, money, assets and property of every description in his possession, belonging to the company, and to make himself a party to all suits commenced by the late liquidator, or the commissioners for the collection of debts due to the corporation, or any other matter connected therewith or growing out thereof, and to prosecute the same to final settlement; and he shall file a tableau of distribution in court, once in every six months, in which he shall make a concise statement of his administration, provided he has anything to distribute among the creditors.

The plaintiffs are holders of the bonds of the company, secured by stock mortgages to the amount of two hundred and twelve thousand dollars, and of bonds given for the loan to the amount of ninety-two thousand dollars, and large arrearages of interest are due. They set out this indebtedness, and allege that there, is no means of payment, except by calling upon each of the stockholders of the company for the full amount for which he has subscribed and is liable. They annex to their petition, a list of the stockholders, or their representatives, and the amount of shares subscribed by them. They allege, that they have demanded the amount of their bonds and interest; that the liquidator refuses to acknowledge their right to payment of thirty-seven bonds of a thousand dollars each, which fell due on the 1st of February, 1844, which they own and possess, and which have been presented to him for acknowledgment; that he has failed to collect amounts due by the stockholders upon their stock, or to provide in any manner for the payment of their matured bonds and interest; and they allege, that the act of the Legislature under which he was appointed is unconstitutional, and his appointment has been questioned by some persons as unconstitutional.

They therefore bring suit, and pray that *Bythel Haynes*, the liquidator, may be cited to answer their petition. They pray, that it may be held that he was constitutionally appointed liquidator of the company, or that a receiver may be appointed ; that their whole debt may be acknowledged as due by the company, and particularly their bonds, which fell due on the 1st of February, 1844, with the interest; and that the liquidator or a receiver may be ordered to collect from the stockholders, or their representatives, the full amount of the stock subscribed by them, and to enforce the mortgages given by the stockholders to secure their subscriptions to the stock, and the bonds issued on the faith of those mortgages.

The liquidator admits, in his answer, that the bonds described in the petition were issued by the company ; that it is insolvent, and that he has no funds to pay those obligations. He denies the liability of the company on account of those obligations, and specially pleads the prescription of five and ten years as a peremptory bar to the right of the plaintiffs to receive anything upon their obligations. He denies any right of action on the part of the plaintiffs against him as liquidator, and alleges that, in pursuance of the charter of the company, and various amendatory acts, the plaintiffs are bound to resort for payment of their bonds and interest to the individual corporators in their individual capacity.

It has not been urged by either party in this case, that the act of 1850 is unconstitutional, and we see no reason for the suggestion. The pleadings disclose a difference of opinion between the creditors of the company and its liquidator, which renders it necessary and useful that the court should decide between them. Both agree that the company is hopelessly insolvent. The record discloses that fact; and it is also matter of public notoriety, that the State has been

GAS LIGHT
AND
BANKING CO-
v,
HAYNES.

subjected to the payment of its bonds, issued for the benefit of the company, to the amount of nearly half a million of dollars, with interest.

We consider, therefore, that there is the most pressing necessity to collect by suit or otherwise, all the assets of the company, with the least possible delay, and to distribute them to those to whom they are justly due.

It is plead by the liquidator, that "the plaintiffs are bound to resort to the individual corporators in their individual capacity. We decided differently last year, in the case of the same plaintiffs against *Bennett*, the liquidator being a party by intervention, and held, "that the liability of the shareholders results from a contract entered into by them with the company; and that, whenever the company or its assets are under the management of proper officers, acting for it in a corporate capacity, that contract should, in principle, be enforced through those officers ; and that if the legal representatives of the company neglect to call in the debts due by the shareholders for stock, so as to enable the company to pay its debts, a creditor can compel them to enforce contribution from the shareholders according to their subscriptions."

We referred to the case of *Stark*, Receiver of the Atchafalaya Railroad and Banking Company, 5th Ann. 740, and said, in furtherance of this view, we sustained the appointment of a receiver appointed by the district court, to take charge of assets under the control of the court at the time, and belonging to an insolvent bank unrepresented, and we recognized his power to make calls upon the stockholders for contributions to pay the debts of the bank.

We adhere to these opinions, and consider it the special duty of the liquidator imposed by the act of 1850, to collect all the assets of the Clinton and Port Hudson Railroad Company, including the subscriptions of the shareholders, by suit or otherwise, as speedily as possible, and to distribute the amount collected every six months, by filing a tableau of contribution in court, to be homologated by judgment, after legal notices to the creditors. For these duties he is allowed five per cent out of these assets, which, in reality, belong to the creditors. It is not, therefore, the duty of individual creditors to collect these assets ; and as a liquidator is provided by law to represent and prosecute the collective rights of the creditors, individual creditors have no right to act directly against the shareholders and debtors of the company.

It is plead and argued, that a portion of the plaintiffs' claim is prescribed. The company represented by the defendant has been insolvent and in a state of liquidation for years. There seems, therefore, but little ground for considering any part of the claim prescribed, as a suit could not properly be brought for the debt, but only steps be taken to enforce a speedy liquidation of the company by tableaus of distribution. This question will more properly arise on tableaus of distribution and contradictorily with all the creditors of the corporation.

The judgment of the district court is affirmed, with costs.