(51 South. 699.)

No. 17,788.

VILLERE v. NEW ORLEANS PURE MILK CO., Limited.

(Feb. 14, 1910. On Applications for Rehearing, March 14, 1910.)

*(Syllabus by the Court.)*

1. RECEIVERS (§ 203*)—HOMOLOGATION OF ACCOUNT—JUDGMENT—RES JUDICATA.

A judgment homologating a receiver's provisional account is res judicata only as to funds appearing thereon for distribution.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 203.*]

2. RECEIVERS (§ 151*)—HOMOLOGATION OF ACCOUNTS—ALLOWANCE OF DIVIDEND.

A creditor, nonsuited on the homologation of a receiver's provisional account, proved up his claim on the homologation of the receiver's final account, proposing to distribute other funds, and prayed for the allowance of a dividend equal to that previously received by other ordinary creditors. *Held*, that the court below erred in refusing the relief prayed for.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 151.*]

3. RECEIVERS (§ 163*)—CLAIMS—PAYMENT.

Interest earned by the deposit in bank of all the moneys belonging to an insolvent corporation, like other fruits, civil and natural, becomes the property of the owner of the funds. A judgment ordering a receiver to pay certain creditors out of the funds under his control does not operate a change of ownership of such funds in favor of such creditors. A fortiori, such a judgment does not vest in the creditors any proprietary rights in or to interest accruing on such funds before or after judgment.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 163.*]

Appeal from Civil District Court, Parish of Orleans; George H. Theard, Judge.

Action by Octave J. Villere against the New Orleans Pure Milk Company, Limited. From a judgment homologating the final account of a receiver, 28 creditors appeal. Amended and affirmed.

See, also, 122 La. 717, 48 South. 162.

Richardson & Soule, for appellants Hammond milkmen. E. A. Parsons, for appellants Hall, Alleyn & Co. Morgan & Milner, for appellee Fidelity & Deposit Co. of Maryland. Victor Leovy, for appellee Cream Package & Mfg. Co. Guy M. Hornor, for appellee M. D. Lagan, Limited. Martin H. Manion, for appellee J. E. Manion & Co., Limited. Omer Villere, for appellee receiver.

LAND, J. Twenty-eight creditors of the New Orleans Pure Milk Company, styled on the final account of the receiver as "Sundry Creditors—Hammond Furnishers of Milk," have appealed from the judgment homologating the final account of the said receiver in the above-entitled proceedings.

On the said account appeared a new asset of $2,603.67, interest allowed by receiver on funds in his hands from April 15, 1907, to 13th January, 1909.

The receiver proposed to distribute this item as follows: To pay privilege creditors 3 per cent. on accounts received by them, and the balance to go to all the ordinary creditors appearing on the account.

The "Hammond" creditors filed an oppo-

sition to the proposed distribution of the item of interest, on the ground that they as ordinary creditors had received no part of the funds previously distributed, and were entitled to be paid a dividend out of the remaining assets equal to that heretofore paid and to be paid other ordinary creditors, and on the further ground that the mortgage and privilege creditors had no lien on said interest fund.

From the reasons for judgment homologating the final account it appears that the judge a quo was of the opinion that on the filing of the provisional account of the receiver the interest thereafter accruing on the funds in bank became dedicated to the payment of such claims on said account as might be recognized and ordered paid by the judgment of the court, and that the decree of homologation retroacted to the date of the filing of said provisional account. On this theory, the court ordered that all the interest accruing after the date of said filing be distributed pro rata among all the creditors, privileged, secured, and ordinary, whose claims were recognized by the judgment homologating provisional account.

This left four days' interest, and sundry items aggregating $751.68, which the court ordered to be paid out to certain privileged creditors, and for costs accrued and to accrue, and the balance, if any, to go to the opponents and another ordinary creditor.

Opponents were placed on the provisional account as creditors, but were nonsuited by the judgment of homologation. The ordinary creditors recognized by the decree subsequently received dividends aggregating $6,-565.33, and under the last decree will receive their pro rata of the interest fund.

The opponents, acknowledged ordinary creditors of the insolvent corporation, have received and will receive nothing out of the assets of the concern.

The interest fund now in question was not proposed to be distributed when the provisional account was filed. As a matter of fact, at that date only four days' interest had been earned. The decree homologating the provisional account recognized certain privileged, and mortgage, and ordinary claims, and ordered the payment of the same, according to their rank, out of the funds proposed to be distributed.

The decree did not and could not distribute a fund not on the receiver's provisional account. In the well-considered case of West v. Creditors, 3 La. Ann. 529, it was held that a decree of homologation has the force of res judicata only as to funds proposed to be distributed by the first tableau. In the case of William's Syndic v. Nicholson, 5 La. Ann. 720, the court said:

"We understand, from the authorities quoted by counsel, that a judgment homologating a tableau of distribution among the creditors of an insolvent to be a judgment conclusive inter se as to the funds to be divided. But. the administration not being terminated, it seems to us to be obvious that the creditors' claim on any fund not distributed and paid, or afterwards coming into the hands of the syndic, is not affected by the judgment."

In Philippe Allinet v. His Creditors, 15 La. Ann. 130, it was held that, where the opposition of a creditor to a tableau of distribution was dismissed, he had the right, when another tableau was filed proposing the distribution of other funds, to prove his claim and to be placed on a parity with other creditors who had partaken in the former distribution. The dissent in that case was based on the fact that the opponent's claim had been dismissed without reservation.

The conclusion is that the interest fund was not distributed by the former judgment, and is before the court for the first time. It is obvious that all ordinary creditors of the insolvent have a like interest in said fund. The privileged creditors who have been paid in full are without interest. The question whether the mortgage creditors have

any lien on said fund was waived by counsel at the bar.

We consider that the money in bank belonged to the insolvent's estate, and that the accruing interest thereon belonged to the owner of the fund, in the same way that the fruits, natural and civil, of any other thing, belong to the usufructuary or owner. Civ. Code, art. 547. The right of a particular creditor to be paid out of a general fund does not make him the owner of any part or portion of such fund.

It is therefore ordered that the judgment appealed from be amended, by ordering that item No. 3, for $751.68, and item No. 4, for $2,603.67, of assets in the receiver's final account, be distributed and paid out in the order of preference, as follows, viz.:

First. Costs of Court, $104.80; Carey & Bro. and Babst, costs, $275.50; Omer Villere, $70.79; Omer Villere, $150; all costs incurred in the trial of the opposition to the final account; all costs of this appeal; and all costs to be incurred by the receiver in obtaining his discharge.

Second. The funds remaining after the payment of said privileged claims to be paid to the opponents and appellants to the extent of the dividend heretofore allowed and paid to other ordinary creditors as per judgment homologating the provisional account of the receiver.

Third. The balance, if any, to be distributed pro rata among all the ordinary creditors recognized by the decree below.

It is further ordered that the said judgment, as thus amended, be affirmed.

## On Applications for Rehearing.

MONROE, J. Counsel for the receiver and the mortgage creditors calls the attention of the court to the provision of Act No. 23 of 1907 (Ex. Sess.) § 2, subd. 5, which (referring to money deposited, at interest, by the sheriff of the parish of Orleans) reads:

"The interest thus earned shall accrue to the party or parties finally decreed to be ·entitled to the ownership of such funds."

He, however, admits that the mortgage and privilege creditors did not claim interest on the amounts due them, and it is well settled that interest will not be decreed, unless claimed. Hen. Dig. vol. 1, p. 734, No. 4. Also that an action for interest cannot be divided from that for the principal (save where it has been so agreed). Hen. Dig. vol. 2, p. 1138, (e), Nos. 1–6.

Counsel representing the Fidelity & Deposit Company of Maryland asks for a rehearing on the ground that his client, as an ordinary creditor, is entitled to share with others in the distribution of the funds on hand; the existence of its claim not having been known at the time of the previous distribution. The answer is that the trial court decided the question adversely to the Fidelity, etc., Company, and that it took no appeal from the judgment, which, as to it, is not before this court for review.

Both applications for rehearing are therefore denied.