————o————

No. 6389.

## FINLAY, DICKS & COMPANY, LTD., vs. WHITNEY-CENTRAL NATIONAL BANK.

### Syllabus.

1. After a receiver has filed his provisional account and it is opposed, the contest becomes one among creditors as to the right and as to the extent of the participation of each in the particular fund to be distributed.

2. A judgment homologating the provisional account of a receiver is, with respect to the fund to be distributed thereunder, *res adjudicata* as to all creditors who were notified of the filing of the account in the manner provided by law.

3. "It matters not under what form the question be presented, whenever the same question recurs between the same parties, the plea of *res adjudicata* estops."

— 335 —

4. The extraordinary relief afforded by R. C. C., 1188, is based upon equitable considerations, and cannot be invoked by a creditor who, having made himself known to a receiver by filing with him a sworn statement of his claim, thereafter, through neglect alone fails to adduce proof in support thereof when its allowance upon the receiver's account is opposed by other creditors.

Appeal from the Civil District Court, Parish of Orleans, Division "E," No. 108,639. Honorable G. H. Theard, Judge.

Benjamin Ory, for plaintiff and appellee.

Hall, Monroe & Lemann, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

When the Receiver of the Capdau-May Drug Company prepared his tableau of distribution or provisional account, he placed the present plaintiff, the present defendand and others thereon as creditors. Notice of the filing of the account by publication and otherwise having been given as required by law, several oppositions were filed opposing the claim of plaintiff, and sundry others.

The plaintiff entered no appearance, and upon the trial of the oppositions was neither present nor represented by counsel, and no effort was made on its behalf to prove or sustain its claim. Accordingly there was judgment striking from the account the claims of plaintiff as well as those of others similarly situated, but otherwise homologating the account and ordering the distribution of the fund in accordance therewith.

No appeal was taken from this judgment and long after it had become final and the fund had been distributed in pursuance thereof, the plaintiff filed the present suit

against defendant, a creditor that had participated in the distribution aforesaid, the action being predicated upon R. C. C., 1188, which in part reads as follows:

"If, after the creditors of the succession have been paid by the curator, in conformity with the dispositions of the preceding articles, creditors present themselves, who have not made themselves known before, and if there does not remain in the hands of the curator a sum sufficient to pay what is due them, in whole or in part, these creditors have an action against those who have been paid, to compel them to refund the proportion they are bound to contribute, in order to give the new creditors a part equal to that which they would have received had they presented themselves at the time of payment of the debts of the succession."

The defendant's answer was a general denial accompanied by a plea of **res adjudicata**, the defense in substance being that the judgment, rendered after due notice to all parties, homologating the provisional account of the Receiver and denying plaintiff the right to participate in the distribution of the fund then available, is a bar to the present action, the right to invoke the remedy provided by R. C. C., 1188 being confined to those "creditors who have not made themselves known before" the distribution.

The case was tried and submitted upon the facts and issues and upon the further admission of fact, namely, that prior to the presentation of the account, the plaintiff had filed a sworn statement of its claim with the Receiver. The Court maintained the plea of **res adjudicata** and dismissed the suit; and plaintiff now appeals.

The Receiver having placed upon the account filed by him all those whom he considered as creditors and this

account having been opposed, the issue "was shifted and the contest became one among creditors" as to the right and as to the extent of the participation of each in that particular fund.

> In Re Pelican Sawmill and Manufacuring Co., 50 An., 404.
>
> Saul vs. His Creditors, 7 N. S., 425.

Upon these issues and in so far as that fund is concerned, the judgment has the dignity of the "thing adjudged," and is binding and conclusive upon plaintiff and defendant, both having been cited in that proceeding in the manner required by law.

> Succession of Conrad, 45 An., 89.
>
> Breton vs. Husband, 45 An., 117
>
> Williams vs. Nicholson, 5 A., 719.
>
> In Re. Pelican Sawmill Co., supra.
>
> Mignez vs. Delcambre, 109 La., 1090.
>
> Villere vs. N. O. Pure Milk Co., 125 La., 719.
>
> Saul vs. His Creditors, Supra.

The gist and effect of that judgment, as between plaintiff and defendant, was to definitely deny to the former any participation whatever in the fund and to award to the latter a determinate share therein. And now by the simple expedient of a change in the form of proceeding, plaintiff demands that all this be controverted; that the right, previously denied it, to share in the fund be presently recognized, and that accordingly defendant be ordered to refund for its benefit a proportionate part of the amount plaintiff would have received had its right to participate in the former distribution been upheld.

This it cannot do, for "it matters not under what form the question be presented, whenever the same question

recurs between the same parties the plea of **res adjudi-cata** estops.''

McNeely vs. Hyde, 46 An., 1083.
Saul vs. His Creditors, Supra.
23 Cyc., 1221, Judgments.

Plaintiff, however, seeks to escape the effect of this plea by invoking R. C. C., 1188, which permits a creditor. after the fund has been disbursed pursuant to a decree or homologation ,to obtain from those who participated therein a refund of such portion of the amount they have received as will place him on an equality with them in the distribution of the fund.

But the extraordinary faculty conferred by this provision of the Code of re-opening a final judgment homologating an account is expressly confined to creditors ''who have not made themselves known before'' a distribution has been made pursuant to said judgment.

In the present instance, plaintiff filed with the Receiver a sworn statement of its claim and the latter recognized plaintiff as a creditor upon his account, notice of the filing of which was given to plaintiff and to the other creditors in the manner required by law. When the account was opposed it became incumbent on plaintiff ''to adduce proof necessary to substantiate its claim,'' and its failure so to do is attributable solely to its ''indifference, inattention and want of care.''

In Re. Pelican Sawmill & Mfg. Co., Supra.

R. C. C., 1188, is founded upon equitable considerations and the Court will decline to extend its provisions to a case where solely through lack of diligence, a creditor fails to urge his claim in due season.

''A dividend on a tableau may be opened if creditors have not been paid and there has been no

negligence. But where the omission to prove the debt proceeds from the creditor's own **laches,** the Court will not disturb a distribution.''

Durand vs. Pacquerie, 5 An., 38.
Tiben vs. Gratia & Co., 17 An., 72.

Applying these principles it is clear that plaintiff is neither legally nor equitably within that limited class of creditors to whom the right to invoke the relief afforded by R. C. C., 1188, is extended. By filing its sworn statement with the receiver it had ''made itself known'' before the distribution; and thereafter, when duly notified of the filing of the account upon which it appeared as a creditor, it was through neglect alone that it failed to adduce proof to substantiate its claim upon its being opposed by other creditors.

We find nothing to justify a contrary conclusion in **Succession of Coughlin, 35 An., 343;** for in that case the judgment homologating the account expressly reserved to the creditor who, upon the trial of the opposition, had not adduced sufficient evidence to sustain his claim, the right to renew his demand (**34 A., 918**); and this he immediately and successfully did, contradictorily with the other creditors, **before** the fund had been disbursed or distributed among them.

The trial Court properly maintained the plea of **res adjudicata** and its judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, May 17th, 1915.