**161 So. 5**

### In re CANAL BANK & TRUST CO.

#### Intervention of PICARD et al.

#### No. 33088.

April 1, 1935.

Rehearing Denied April 29, 1935.

Simmons, Simmons & Dolese, of Napoleonville, Cobb & Jones and Henry & Cooper, all of New Orleans, Borron, Owen & Borron, of Plaquemine, Monroe & Lemann, of New Orleans, Walter Lemann, of Donaldsonville, and A. M. Suthon and Walter J. Suthon, Jr., both of New Orleans, for appellants Chalmette Petroleum Corporation et al.

Dufour, St. Paul, Levy & Miceli and Norton L. Wisdom, all of New Orleans, for appellee Canal Bank & Trust Co.

FOURNET, Justice.

The receiver of Clover Ridge Planting & Manufacturing Company, Inc., filed a petition of intervention in the liquidation of the Canal Bank & Trust Company, to be recognized as a preferred creditor, and several creditors of the receiver also intervened for the purpose of being recognized as preferred creditors in their individual capacity.

The principal asset of the receivership was a deposit in escrow of the proceeds of certain insurance policies in the Canal Bank & Trust Company prior to the time it was placed in liquidation; the right to the ownership thereof having been contested and adjudicated in the matter of In re Clover Ridge Planting & Mfg. Co., Inc., 178 La. 302, 151 So. 212.

The Canal Bank & Trust Company, in liquidation, filed an exception of no cause or right of action against all the claims of interveners. The exception was dismissed as to the receiver but maintained as to the intervening creditors of the receivership, and they have appealed.

Counsel for interveners contend that the judgment in the matter of In re Clover Ridge Planting & Mfg. Co., Inc., supra, is a judgment in favor of each creditor of the receivership against the Canal Bank & Trust Company, now in liquidation, and that the individual creditors are the real parties in interest and entitled to prosecute the intervention to protect their interests.

The answer to their contention is the judgment itself, which established both the *status of the fund* in question as a *receivership asset* and *the manner in which the fund shall*

*be distributed among the receivership creditors.*

The decree of the judgment reads in part as follows: "It is finally ordered, adjudged and decreed that, as hereinabove amended, the said account be approved and homologated and that the funds be distributed in accordance therewith."

The judgment is final, in that it homologated the receiver's account, as amended, and settled the *rights of the creditors of the receivership to the assets thereof*, but it is in no sense a judgment in favor of each individual creditor against the Canal Bank & Trust Company; for on rehearing, 151 So. at page 223, we said:

*"The amount received as proceeds of the fire policies being an asset of the receivership*, it was manifestly the duty of the receiver to distribute that amount among the creditors according to the rank of their claims. * * *"* (Italics ours.)

The receiver has the exclusive right to the possession of the assets of a receivership. De Mattos v. Camp & Hinton Co., 129 La. 251, 261, 55 So. 832.

In 53 C. J. 328, we find the following pertinent language:

"The right to reach the assets of an insolvent, being in a receiver, is to be exercised by him and not by the creditors or other persons aggrieved, unless the receiver has refused to sue, and. * * *"

In the case of Villere v. New Orleans Pure Milk Co., 125 La. 719, 51 So. 699, this court held, as is stated in the syllabus by the court, *that "a judgment ordering a re-*

*ceiver to pay certain creditors out of the funds under his control does not operate a change of ownership of such funds in favor of such creditors. A fortiori, such a judgment does not vest in the creditors any proprietary rights in or to interest accruing on such funds before or after judgment."* (Italics ours.)

In the case of New Orleans Gas Light Co. v. B. Bennett, 6 La. Ann. 456, the court said, as expressed in the syllabus of the case:

"Where an insolvent corporation is in the hands of a liquidator or receiver, it is proper that suits against the stockholders for contributions on arrearages of stock to pay debts of the corporation, *should be conducted by the person thus vested with the powers of the corporation, and not by individual creditors of the corporation.*" (Italics ours.)

The creditors' suit against the stockholders in that case was dismissed, and the court said: "The remedy of the creditors is to apply to the court for an order to the receiver to make calls, and to have him dismissed if he fails to obey it."

In the case of Gas Light & Banking Co. v. B. Haynes, Liquidator, 7 La. Ann. 114, the court followed the decision in the case above cited. The creditors of the corporation entered suit against the liquidator to compel him to call upon the subscribers of the shares of stock for the full amount for which each subscribed and was liable. The liquidator denied any right of action on the part of plaintiffs against him on the ground that the "plaintiffs are bound to resort ˙* * * to the individual corporators in their individual capacity," and the court held that:

"Individual creditors can compel him by action to do so, and *they have not the right, while he is acting,* to institute suits against the stockholders to enforce the payment of their claims." (Syllabus of case. Italics ours.)

The right to intervene in the liquidation of the Canal Bank & Trust Company and assert the claim for the assets of the company in receivership is exclusively with the receiver. De Mattos v. Camp & Hinton Co., supra. These funds are constructively in the hands of the receiver, who is an arm of the court, representing the debtors and creditors as well as the court, and the creditors of the receivership are without any right to institute a suit for their respective claims in this proceeding, unless the receiver refuses or fails to properly prosecute their cause; and then any of the receivership creditors "can compel him by [proper] action to do so. * * *" Gas Light & Banking Co. v. Haynes, supra.

For the reasons assigned, the judgment of the lower court is affirmed.