O'NIELL, J., dissents, considering the judgment-excessive.

---

(72 South. 910)

No. 22244.

COSTELLO v. SOUTHERN PUB. CO., Inc.

In ré SOUTHERN PUB. CO., Inc.

(Nov. 2, 1916. Rehearing Denied Nov. 18, 1916.)

*(Syllabus by the Court.)*

1. MANDAMUS ⨪57(1)—SUBJECTS OF RELIEF —JUDICIAL ACTS.

Where irreparable injury is not shown, a mandamus will not issue to a district judge to compel him to grant a suspensive appeal from an interlocutory judgment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120; Dec. Dig. ⨪57(1).]

2. APPEAL AND ERROR ⨪73(1) — DECISIONS REVIEWABLE—ALLOWANCE OF BOND.

No appeal lies from any judgment or order of court allowing the filing of any new, or supplemental, or additional, or amended bond under the terms of Act No. 112 of 1916, p. 241.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 402; Dec. Dig. ⨪73(1).]

3. APPEAL AND ERROR ⨪73(2) — DECISIONS REVIEWABLE — INTERLOCUTORY DECISION — MOTION TO RECALL WRIT.

The refusal of the court to recall a writ of subpœna duces tecum on the ground that the petition discloses no cause of action is an interlocutory judgment, which does not cause irreparable injury to a defendant; and no suspensive appeal lies therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 404; Dec. Dig. ⨪73(2).]

4. CORPORATIONS ⨪540—RECEIVERS—STATUTORY PROVISIONS.

Act No. 267 of 1914, p. 521, relative to corporations, does not provide for the appointment of receivers thereto; and it does not repeal Act No. 159 of 1898, p. 312, which authorizes and regulates the appointment of receivers of corporations.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2152; Dec. Dig. ⨪540.]

Action by James J. Costello against the Southern Publishing Company, Incorporated. Application by the defendant for writs of mandamus and prohibition on refusal to allow suspensive appeals. Denied.

Delvaille H. Theard, of New Orleans, for applicant. Benjamin T. Waldo, of New Orleans, and Sumter D. Marks, Jr., of New Orleans, for respondent.

SOMMERVILLE, J. Plaintiff, alleging himself to be the owner of five shares of the capital stock of the defendant corporation, charges, in his petition, that the corporation is insolvent; that the officers in charge have wrongly converted the corporation assets; that the board of directors is recklessly mismanaging the business of the corporation; and that it is losing $2,000 a week—as well

140 LA.—6

as other causes of complaint. And he asks that the management of said corporation show cause on a day and at an hour to be fixed by the district court why a receiver should not be appointed to wind up and liquidate the affairs of said corporation, with full power to hold, administer, and dispose of the property of said corporation in such manner as the court should direct; and that said corporation be cited to appear and answer, and be served with a copy of the petition, and the order prayed for; and, after due proceedings had, a receiver be appointed; and for costs, etc.

Plaintiff was subsequently joined in his application for the appointment of a receiver by a creditor of the defendant company, and again by another stockholder.

1. On the filing of the suit, the district judge ordered that a bond in the sum of $2,000 be furnished by the plaintiff. This bond was signed by one of the interveners, Merrick, as surety.

Defendant moved that the suit be dismissed on the ground the bond was insufficient, null, and void. Before said motion was tried, plaintiff filed a new and additional bond in the sum of $2,000, under the provisions of Act No. 112 of 1916, p. 241.

That act provides, in part, that when a plaintiff had furnished a bond in a judicial proceeding, and the bond is insufficient in amount or incorrect by reason of error, or omission, such litigant shall have the right to correct such insufficiency, error, or omission in the court of original jurisdiction, and to furnish a new or additional bond conditioned according to law. That the right to furnish such new, supplemental, or additional bond shall be exercised as follows: The party desiring to furnish such new, supplemental, or additional bond shall have the right so to do at any time prior to judgment; if the adverse party, or any other party in interest, shall cause to be served on him, through the proper officer for service, a notice that such adverse party, or the party in interest, claims that the bond furnished in the proceedings in which he is a party, or which he has an interest, is insufficient either as to form or as to substance, or on the ground of insolvency, or because of the pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished said bond shall then have the right, within two days, exclusive of Sundays, legal holidays, and half holidays, to furnish the new bond, or supplemental bond, or additional bond above referred to. That if any party shall furnish a new or supplemental bond or additional bond under the provisions of this act, and shall be notified that such new or supplemental or additional bond is claimed to be insufficient by reason of the amount, or error, or inaccuracy, or omission in such bond, or because the surety, or sureties, on said bond are insufficient, such party shall have the right to furnish a new or supplemental or additional bond, or surety or sureties. And that no suspensive appeal shall be allowed from any judgment, or order of court, allowing the filing of any new or supplemental, or additional or amended bond, or the furnishing of new or additional surety or sureties to a bond already furnished.

The new bond was signed by the New Amsterdam Surety Company as surety; and the court held this bond to be sufficient, and ordered the trial of the rule to be proceeded with. Whereupon the defendant moved the court for authority to test the New Amsterdam Surety Company, as stated in the petition addressed to this court for the writs named. On page 3 of the testimony taken on the trial, together with the ruling of the court thereon, the question as stated by counsel for the defense is: As to the validity of the original bond, which involved his right to have a dismissal of the suit;

and that that involved an interpretation of Act No. 112 of 1916, p. 241. The district court held that the first bond was not good or valid, and that the new bond was good under the provisions of the act referred to. Thereupon the defendant asked for a suspensive appeal from the order of the court holding the new bond to be a proper and sufficient one, and the application was refused. Defendant now asks this court to issue a mandamus to compel the granting of an appeal from the interlocutory decree holding that the bond was sufficient.

2. Act No. 71 of 1904, p. 185, provides, among other things, that surety and bond companies doing business in this state shall deposit with the state treasurer, in cash or certain approved securities, to be approved by the secretary of state, the sum of $50,000, to be held subject to any claim or judgment that may be obtained against them in the state or federal courts of this state, etc.; and that this deposit shall be maintained at the sum of at least $50,000.

Defendant did not allege in the district court, and it has not alleged in this court, that the surety company has not deposited and maintained the deposit fixed in the law. It simply asks that it be permitted to inquire whether said deposit has been maintained in its integrity or not. The court held that the judges of the civil district court, sitting en banc, had passed favorably on the sufficiency of the deposit made by the New Amsterdam Surety Company, and that it was one of the surety companies to be accepted on all bonds, and that it would not further inquire into the matter. This rule appears to be in line with the rule generally pursued by the judges of the district court. Defendant asked for a suspensive appeal from this interlocutory ruling, and it was refused. Defendant asks that a mandamus issue to compel the granting of the appeal.

3. Defendant subsequently moved to test the sufficiency of the New Amsterdam Surety Company as surety, again alleging its right to ascertain if the $50,000 deposited with the state treasurer had been maintained. The court again held that the said company had been tested by the judges sitting en banc, and that it had been held to be good and sufficient, and denied the motion. No appeal was asked for by defendant on this ruling, although it has inadvertently stated in its application to this court for a mandamus that it had moved for an appeal, which had been denied.

4. Relator objected to proceeding with the trial of the intervention filed by one Joseph McDonnell, which had been filed within five days of the trial; and that under the terms of Act 117 of 1916, p. 253, that at least ten days shall elapse between the filing of the demand for a receiver on the behalf of any applicant and the trial of said application; and that McDonnell's petition of intervention asks for the appointment of a receiver to the defendant company. The court ruled that the defendant was not entitled to such delay, but reserved to it the right to object to evidence in support of the intervention when it was offered. An examination of the record fails to show that relator applied for a suspensive appeal from this last order. It is not therefore before the court for review.

5. Plaintiff asked for the issuance of a writ of subpœna duces tecum, and the production of certain books and papers of the defendant company, on the trial of the cause.

Defendant moved that the order for subpœna duces tecum be recalled, for the reason that the petition did not disclose a cause of action. It set out that the petition charged the defendant with the commission of acts ultra vires, and asked for the liquidation of the company; and that the appointment of a receiver for that purpose was prayed for; whereas, Act 267 of 1914, providing for the liquidation of corporations and other ap-

propriate relief, such as the appointment of receivers, requires that a stockholder should own, in order to bring such a suit (a condition shown not to exist by the petition filed by the stockholder, plaintiff herein), at least 20 per cent. of the capital stock of the corporation. And, on this point, defendant urges that:

"Since the order for the production of the books was purely ancillary, that order should be reversed when it appears that the plaintiff's petition, the basis of the suit, discloses no cause of action."

The court refused to recall the writ of subpœna duces tecum, and defendant applied for a suspensive appeal from this interlocutory order, which was denied. It now asks for a writ of mandamus to compel the granting of a suspensive appeal therefrom.

[1] The Code of Practice, art. 566, provides:

"One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

And as defendant has not shown that the rulings complained of by it might and would cause it irreparable injury, the district court properly refused to grant the several suspensive appeals applied for.

[2] The first point presented by relator for the consideration of the court is whether a plaintiff has the right to file and furnish a new bond, under the terms of Act No. 112 of 1916, p. 241, where the first bond is held to be null and void. It claims, in such case, that no new bond may be filed.

Act No. 112 is entitled:

"An act to regulate the form and effect of bonds * * * in judicial proceedings, and to provide for the correction of errors, inaccuracies and omissions in such bonds, * * * and to provide for the addition or substitution of sureties on the original * * * and supplemental [sureties and] bonds; and to provide the procedure in each of such cases."

And in section 2 of the act it is provided that:

"Whenever any litigant in this state shall have furnished in connection with any judicial proceeding a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or [inaccuracies] therein, such litigant shall have the right to correct such insufficiency, error, or omission in the court of original jurisdiction, and to furnish new or additional bond and surety conditioned according to law."

And in section 9 it is provided that:

No suit shall be dismissed "on account of any error in the amount of the bond, or for any inaccuracy, or omission in the bond, or for the insufficiency of any surety or sureties on said bond."

The district court held that the surety on the first bond was insufficient. The language of the act is broad enough to cover all cases in which a litigant has filed a bond in a judicial proceeding in the courts of this state; whether such prior bond is null and void, or the surety insufficient, or the amount was insufficient by reason of error or omission.

The ruling of the trial judge was in line with the practice in this state before the passage of the act of 1916, and we do not think that the latter statute has altered the law or practice in any respect. The ruling of the district court in permitting the filing of the new bond in this case was correct. Besides, the law provides that no suspensive appeal shall be allowed from an order allowing the filing of a new bond.

The next point presented by relator for consideration is the ruling of the court in refusing to permit it (the defendant) to inquire, further, whether the New Amsterdam Surety Company, the signers of the additional bond furnished by the plaintiff, had maintained in the office of the secretary of state the deposit of $50,000, as required under Act No. 71 of 1904, p. 185. There was no allegation made by the defendant that this deposit had not been maintained, or that the surety company was not responsible for the amount of the bond signed by it. The defendant simply asked that inquiry be made as to whether this deposit of $50,000 had been maintained or not. The court ruled to the effect that the trial of the case would not be stopped for the purpose of inquiring into the condition of

the deposit made by the surety company, as the judges of the district court, sitting en banc, had passed upon the sufficiency of the deposit made by the New Amsterdam Surety Company, and found it to have been ·sufficient, and that it was qualified to sign bonds in judicial proceedings. The ruling is apparently correct, and it would not work irreparable injury to the defendant if it were not correct. No appeal will lie, under the law, "from any judgment, or order of court, allowing the filing of a new, or supplemental, or additional, or amended bond."

[3] The last point urged by relator is that plaintiff obtained a writ of subpœna duces tecum, ordering the production of the books and papers of the defendant company, on the trial of the cause. Defendant asked that this writ be recalled, on the ground that the petition of plaintiff disclosed no cause of action; and, on the refusal of the judge to recall the writ, defendant asked for a suspensive appeal from the ruling, which was refused. He now asks that a writ of mandamus issue to compel the granting of the appeal.

If, instead of a motion to ·recall the writ of subpœna duces tecum, on the ground that the petition disclosed no cause of action, the refusal of the judge to recall said writ would give a party to a cause a right to a suspensive appeal, then, also, would the overruling of an exception of no cause of action filed by the defendant to a petition give to him a right to añ appeal. Such is not the law in either case. No irreparable injury would be done the defendant in either case.

It may be, under peculiar circumstances, that the ruling of a court refusing to recall a writ of· subpœna duces tecum, which had been granted, might be appealed from; but no circumstances are presented in this case which would call for the granting of an appeal. The ,trial of the cause was being regularly proceeded with, in an orderly manner, and plaintiff had the right to ask for the production of the books and papers of the defendant, if they were necessary on the trial. The motion for an appeal was properly denied.

The exception, or rather the motion to recall the writ of subpœna duces tecum, based on the point that plaintiff's petition showed no cause of action, is set forth by defendant as follows:

"The petition, in turn, charged defendant with the commission of acts ultra vires as a basis for the liquidation of the company, and the appointment of a receiver for that purpose was prayed for; whereas, Act No. 267 of 1914 provides for suits for the liquidation of corporations and other appropriate relief such as the appointment of a receiver, requires that a stockholder should own in order to bring such a suit (a condition shown not to exist by the petition filed by the stockholder—plaintiff herein) at least twenty per cent. of the capital stock of the corporation. * * * From an examination of the plaintiff's petition it appears that the plaintiff's petition, within the act of 1914 in trying ultra vires acts against this defendant, does not state a right of action for the reason that the plaintiff does not own a sufficient number of shares of stock and therefore we ought to be relieved from producing the books in a case of this sort."

[4] It is argued by relator that the act to authorize and regulate the appointment of receivers for corporations (No. 159 of 1898, p. 312, as amended by Act No. 26, of 1900, p. 32, and Act 117 of 1916, p. 253) has been repealed by Act No. 267 of 1914, p. 521.

The application for the appointment of a receiver in this case was made under the original act, No. 159 of 1898, p. 312, as amended, and not under Act 267 of 1914, p. 521; and we think that the application was properly made under the original act. The latter act does not repeal the former act. The act of 1898 is "to authorize and regulate the practice of appointing receivers of corporations under articles 109 and 133 of the Constitution," while the act of 1914 does not provide for the appointment of receivers. The act of 1898 is not therefore repealed expressly or by implication by the act of 1914.

Act No. 267 of 1914, p. 521, provides in its

title for the organization of corporations in the state, excepting a few specially mentioned, for their capital stock, for their dissolution, for the appointment of receivers, for their liquidation, etc. But in the body of the act there are no provisions providing for the appointment of receivers to corporations, as is provided for in the act of 1898.

It appears in Act No. 150 of 1912, p. 215, that the Legislature created a commission to revise and to prepare amendments to the laws of the state relative to corporations, so that a uniform and harmonious law might be enacted on the whole matter, etc. It would further appear by reference to the official journal of the House of Representatives for 1914, p. 251, that the said commission made a report to the Legislature, proposing certain legislation on corporations; and that the project of the act contains provisions for the appointment of receivers for corporations under certain conditions. But it further appears that while the Legislature adopted the title of the act proposed by the commission, which provided, in section j, "for the dissolution of corporations and the appointment of receivers and liquidators," that it rejected those particular sections in the proposed act which referred to the appointment of receivers, and which are numbered 30, 31, 32, 33, 34, and 35. The act of 1914 contains no reference to the appointment of receivers to corporations.

The act of 1914 specifically mentions the acts of the Legislature which are repealed by it, and the act of 1898 is not mentioned in the repealing clause; and the act is particular in further stating that:

The "sections of the Revised Statutes and acts of the General Assembly and articles of the Revised Civil Code and Code of Practice, and containing provisions in conflict with this act, are as to those provisions superseded by this act."

As the relief asked for by plaintiff is under the act of 1898, that is the appointment of a receiver to the defendant corporation, and is not provided for in the act of 1914, it follows that this proceeding is not covered by the terms of the latter act, and it was unnecessary for plaintiff to have been the holder of 20 per cent. of the stock of defendant corporation for him to have instituted this action.

Under the terms of section 29, p. 534, of the act of 1914, "a stockholder or stockholders holding not less than twenty per cent. of its stock" might bring an action "to procure a judgment dissolving the corporation and forfeiting its * * * rights and franchises, or its license to do business within the state, if it be a foreign corporation, or, for such other appropriate relief as the court may deem proper in the premises." For the causes mentioned in section 29, an action might also be maintained by the Attorney General, in the name and behalf of the state.

As has been seen, this is not an action to procure a judgment dissolving the defendant corporation and forfeiting its corporate rights and franchises; it is simply a suit for the appointment of a receiver under the act of 1898, as amended, and the petition discloses a cause of action. The motion to recall the writ of subpœna duces tecum was properly refused.

It is therefore ordered, adjudged, and decreed that the writ issued in this case be recalled, and that the application of relator be refused at its cost.