LECHE, J.'
The tracks of the Vicksburg, Shreveport & Pacific Railway Company, running east and west, are intersected at right angles by the tracks of the Louisiana & Northwest Railroad, running north and south, at Gibbsland, in the parish of Bienville. Situated in the southwestern angle formed by the two tracks is the station of the Vicksburg, Shreveport & Pacific Railway jointly used by both railroad systems for the accommodation of passengers.
On the night of February 17, 1920, A. Chester Taylor, son of plaintiffs, was at this station in the waiting room for white passengers, in order to take passage for. Shreveport on train No. 11 of the Vicksburg, Shreveport & Pacific Railway. That train was late, and only reached the station about 1:30 a. m. February 18th, when Taylor was killed in the following manner. On the track of the Louisiana & Northwest Railroad was a gondola car directly across the track of the Vicksburg, Shreveport & Pacific Railway, and the latter road’s train No. 11, coming from an easterly direction at considerable speed, ran into the gondola car, causing a derailment of the engine, which was precipitated against the wall of the waiting room, situated only a few feet from the intersection of the two tracks. Taylor, who was in the waiting room or coming out of same, was struck by some of the flying timbers of the demolished station and instantly killed.
These facts' are undisputed, and the negligence of the engineer in control of the engine of the Vicksburg, Shreveport & Pacific train No. 11 is not denied.
Plaintiffs brought this suit grounded upon these facts against the Vicksburg, Shreveport & Pacific Railroad Company and the Director General of Railroads for various items of damages aggregating $50,000.
The district court rendered judgment in favor of plaintiffs and against both defendants in the' sum of $7,500, and from that judgment both the plaintiffs and the defendants have appealed.
There are two questions presented for decision on these appeals:
(1) Whether the Vicksburg, Shreveport & Pacific Railroad Company should be dismissed from the suit; and
(2) Whether the quantum of damages should be changed by being increased or decreased.
[1, 2] 1. At the time of the accident, February 18, 1920, the Vicksburg, Shreveport & Pacific Railroad was under federal control, and was operated under the management of the Director General of Railroads in accordance with the provisions of the act of Congress of March 21, 1918. On October 28, 1918, the Director General of Railroads promulgated what is known as “General Order No. 50,” which provided that on claims for death or injury to person, etc., growing out of the possession, use, control, or operation of any railroad, by the Director General of Railroads, action or suit which might have been brought against the carrier company, shall be brought against the Director General of Railroads, and not otherwise.
It seems clear to us from the language of this order that the Vicksburg, Shreveport & Pacific Railroad Company should be dismissed from the suit. Peacock v. Detroit Grand Haven & Milwaukee R. R. Co., 208 Mich 403, 175 N. W. 580, 8 A. L. R. 964, and the authorities therein cited. Missouri Pacific R. R. Co. and Walker D. Hines, Dir. Gl. v. H. A. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087.
We understand that plaintiffs’ objection to the dismissal of the Vicksburg, Shreveport & Pacific Railroad Company from the suit rests on the ground that the demand of the company to be dismissed comes too late, and that it is estopped for having stated in its *273 original brief that the only issue was the amount of the award to be made, and because it had withdrawn in the trial court an exception to plaintiffs’ right of action. To maintain . plaintiffs’ plea would be tant' amount to holding that the Vicksburg, Shreveport & Pacific Railroad Company had admitted its liability in favor of plaintiffs, and thus lulled them into security. Tbe very purpose of the Vicksburg, Shreveport & Pacific Railroad Company’s appeal was to be decreed not liable for plaintiffs’ claim, and we do not believe that it has done anything to renounce or waive that right. In its final analysis the railroad company’s liability is a question of law which goes to the very foundation of the suit, and which therefore can be raised at any time.
[3] 2. Fixing the quantum of damages is one of the arduous duties of courts and juries, and that is especially true in a case of this kind where no standard can possibly be formulated as a guide, and where almost unlimited discretion may be exercised. The plaintiffs are the father and mother of the young man who was killed, and they are respectively 70 and 56 years of age. They were not dependent upon the deceased for their living, though it is shown that they occasionally received financial assistance from him. The young man was 26 years of age, unmarried, but in the ordinary course of human life likely to get married at any time. His head was crushed by the blow which killed him, and his sufferings must have been of very short duration. We believe that an award of $5,000 will do ample justice under the circumstances.
For these reasons the judgment appealed from is hereby avoided and set aside, and it is now ordered adjudged and decreed that plaintiffs, Henry C. Taylor and his wife, Georgia Taylor, have judgment against and recover of James O. Davis, ■ United States Director General of Railroads and Agent, the sum of $5,000, with legal interest from judicial demand, and all costs of court.
It is further ordered that plaintiffs’ demand as against the Vicksburg, Shreveport & Pacific Railway Company be dismissed, costs .of appeal to be paid by plaintiffs.