No. 9196
Orleans

---

SUCCESSION OF JOHN EVERETT, HARRY R. GOULD, Administrator, Appellant, v. NEW ORLEANS GREAT NORTHERN R. R. COMPANY

---

(February 15, 1926. Opinion and Decree.)

---

(Syllabus by the Court.)

1. Louisiana    Digest—Prescription — Par. 78, 109.

Claims arising out of the operation of railways by the Director General during Federal control, are, under Section 206 (a) of the Act of Congress of February 28, 1920, known as the "Transportation Act," governed by the prescription "now prescribed by State or Federal statutes," and in this State under Art. 3526, R. C. C. The prescription is one year.

(Civil Code, Article 2315. Editor's note.)

Appeal from Civil District Court, Div. "A", Hon. Hugh C. Cage, Judge.

This is a suit for damages resulting from a railroad accident. The Director General of railroads filed a plea of prescription, which was maintained. Plaintiff appealed. Judgment affirmed.

Legier & Gleason and D. V. Doussan, of New Orleans, attorneys for plaintiff, appellant.

Miller & Burns, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. Plaintiff sued the New Orleans Great Northern Railroad Company in damages alleged to have resulted from an accident which is alleged to have happened during Federal control of the defendant railroad. Defendant filed an exception of no cause of action, which was overruled, but following the decision in the case of Missouri Pacific R. R. Co. vs. Ault, 256 U. S. 564, holding that no liability arising out of the Federal operation of railroads rested upon the owner companies, and the case of Taylor vs. U. S. & P. R. R. Co., 151 La. 270, 91 South. 732, which followed the Ault case, the exception was renewed by defendant, and this time, because of the jurisprudence referred to, maintained. This judgment, however, was annulled by consent of parties and plaintiff filed a supplemental petition making the Director General of Railroads a party defendant.

The Director General filed a plea of prescription of one year under Article 3536 R. C. C. and Sec. 206 (a) of the Act of Congress of February 28th, 1920, known as the "Transportation Act 1920." The Transportation Act provides that suits may be brought against the Director General on causes of action arising out of the operation of railroads during Federal control "within the periods of limitation now prescribed by State or Federal Statutes, but not later than two years from the date of the passage of this act.".

The Director General was made a party defendant on November 29th, 1921, more than two years after the day on which the accident is alleged to have occurred. The prescription of one year established by the Civil Code was properly maintained. It is clear that under the jurisprudence referred to there was no liability on the part of the railroad company, the original defendant. This conclusion was apparently quite obvious to counsel for plaintiff and he seems to have abandoned his appeal, for he made no appearance in this court at the hearing of the cause and filed no brief.

Judgment affirmed.