PROVOSTY, J.
Act 159, p. 312, of 1898, provides:
“Section 1. * * * The several district courts of this state, and the civil district court of the parish of Orleans, are empowered to appoint receivers to take charge of the property of business corporations domiciled in this state, and of the property of foreign corporations actually located herein, in the cases and under the conditions following, to wit: * * *
“(7) At the instance of any stockholder, * * * when the corporation has been adjudged not organized according to law,^ or pursuing any business calling, or avocation contrary to law.”
The plaintiff in this suit alleges that she is a stockholder of the defendant corporation, and alleges facts which she alleges show that the defendant is conducting its business in violation of law.
[1] Exceptions of no cause or l’ight of action and of estoppel were filed. After trial of these exceptions, the trial judge sustained that of no cause or right of action, and refrained from passing upon that of estoppel.
This last exception, not having been passed on below, cannot be considered by this court.
[2] For sustaining the exception of no cause or right of action the defendant contends that the above-quoted statute was repealed by Act 267, p. 521, of 1914.
This court had occasion to hold differently in the recent case of James J. Costello v. Southern Publishing Co., 72 South. 910, ante, p, 161, No. 22244.
[3] It is also contended that the business of the defendant corporation could not be conducted by a receiver, for the reason, as we understand, that the conducting of such a business (horse racing) would be beneath the dignity of the court acting through one of its officers.
The answer to this is that, if the business of the defendant cannot be conducted legally, the functions of the receiver will have to be confined to winding up the affairs of -the defendant, and that, if it can be conducted legally, the conducting of it cannot be beneath the dignity of the court.
No contention is made that the facts alleged in the petition do not, if true, show a violation of law.
The judgment appealed from is set aside, and the case is remanded, to be proceeded with according to law.