(94 South. 376)

No. 23914.

**SIRAGUSA et al. v. ILLINOIS CENT. R. CO.**

(Nov. 27, 1922.)

*(Syllabus. by Editorial Staff.)*

**1. Appeal and error ⬚⬚749 — Judgment not converted into one maintaining exception when plaintiff's appeal not answered by defendant.**

Under Code Prac. art. 888, where defendant has filed no answer to plaintiff's appeal, the Supreme Court cannot review a ruling overruling an exception of no cause of action and amend the judgment appealed from by converting it into one maintaining an exception overruled by the trial judge.

**2. Railroads ⬚⬚5½, New, vol. 6A Key-No. Series—Director General proper defendant.**

Under General Orders Nos. 50 and 50A of the Director General of Railroads, the Director General is the proper defendant in an action for injuries sustained by plaintiff in a crossing accident which occurred during federal control, and where he was not made a party the case cannot be reviewed on the merits.

**3. Appeal and error ⬚⬚792 — Dismissed on court's own motion when record discloses want of proper parties.**

When the record on appeal discloses a want of proper parties, the Supreme Court will ex officio dismiss the appeal without motion.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; W. S. Rownd, Judge.

Action by Frank Siragusa and others against the Illinois Central Railroad Company. From a judgment for defendant, plaintiffs appeal. Suit dismissed.

Matthew J. Allen, of Amite, for appellants.

Hunter C. Leake, of New Orleans, and Bolivar E. Kemp and Carroll Buck, both of Amite (W. S. Horton and R. V. Fletcher, both of Chicago, Ill., of counsel), for appellee.

By the WHOLE COURT.

LAND, J. On February 20, 1919, plaintiffs instituted suit against defendant railroad company, at that time operated under federal control, to recover damages for the death of their father, alleged to have occurred June 9, 1918, at a crossing in a collision between a train of defendant company and a wagon in which deceased was riding at the time of the accident.

Plaintiffs prayed for a judgment for damages in their favor against the railroad company. Defendant peremptorily excepted to plaintiffs' alleged cause of action in so far as same related to said company, on the ground that on October 28, 1918, the Director General of Railroads had issued General Order No. 50, which provides and directs that all suits against railroads, except for penalties and forfeitures, be brought against the Director General, and that the present suit having been brought since October 28, 1918, should have been brought against the Director General, and not against the defendant railroad company. This exception was overruled, and, upon the trial of the case on its merits, a judgment was rendered in favor of defendant company, rejecting the demand of plaintiffs.

[1] Plaintiffs alone have appealed. Defendant company has filed no answer to the appeal, praying for the amendment of the judgment and the sustaining of the exception. This court is not at liberty, in the absence of answer to the appeal, to review the ruling of the lower court, and to amend the judgment appealed from, by converting it into a judgment maintaining an exception overruled by the trial judge. C. P. art. 888; Chopin v. Freeman, 145 La. 973, 83 South. 210; Alfred Hiller Co. v. Hotel Grunewald Co., 147 La. 129, 84 South. 520; Ervin v. Shelby's Heirs, 146 La. 580, 83 South. 835; City of New Orleans v. New Orleans Jockey Club, 115 La. 911, 40 South. 331; Oglesby v. Turner, 127 La. 1094, 54 South. 400.

[2] Nor are we at liberty to review the case upon its merits. Under General Orders

Nos. 50 and 50A of the Director General of Railroads, the Director General is the proper defendant in an action for injuries sustained by a plaintiff in the crossing accident, which occurred during the federal control. Clements v. T. & P. R. Co., 148 La. 1050, 88 South. 394; Taylor v. Vicksburg, S. & P. R. Co., 151 La. 270, 91 South. 732; Mrs. Maude Vernon v. Illinois Central R. R. Co. (No. 23710) 95 South. ——; [1] and Mrs. Maude Boutrie v. Director General of Railroads (No. 24595 on the docket of this court) 95 South. ——.[2]

[3] The record in this case disclosing a want of proper parties, this court will ex officio dismiss the appeal without motion. Martin v. Taylor, 21 La. Ann. 303; Tupery v. Lafitte, 19 La. Ann. 296; Condon v. Samory, 12 La. Ann. 801.

It is therefore ordered that the suit be dismissed, at the cost of plaintiffs.

ST. PAUL, J., concurs in the result.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.