GRISTINA v. NUNEZ

———

(April 26, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Brokers—Par. 17.**

The broker employed to procure a purchaser is entitled to his commission when he has procured a purchaser on the terms specified in the offer.

2. **Louisiana Digest—Brokers—Par. 17, 18.**

If on the day of sale the vendor signs an act of sale on terms different from the offer, he is still bound to pay the agreed commission.

Appeal from First City Court. Hon. W. Alexander Bahns, Judge.

Action by Anthony Gristina against Mrs. Eloise Nunez, widow Jacob Fallo.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Prowell, McBride and Ray, of New Orleans, attorneys for plaintiff, appellee.

H. L. Hammett, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for broker's commission.

The plaintiff sues upon the following document:

"Contract to Purchase.
"May 14th, 1927.
"I hereby offer and agree to purchase through you, Anthony Gristina, for the price and sum of $15,000 the property No. 1824 South Dupre Street.
"Terms: cash, subject to Homestead loan of $11,000; provided the seller of this property agrees to purchase my property known as 2241-2247 North Galvez for the price and sum of $9,500. In the event of the acceptance of this offer and my failure to comply with its terms and conditions, I obligate myself to pay on demand your commission of $980 on the entire transaction.
                    (Signed) "A. E. Schiro."
"May, 1927.
"Anthony Gristina:
"I accept the above offer, also terms and conditions, and agree to pay you for services rendered a commission of four per cent on $15,000 amounting to $600 on the sale of my property, same being earned and payable when agreement to purchase is signed and the offer accepted.
"Remarks: The commissions involved to be equally divided between the offices of A. Gristina and Falsho Realty Co., Inc.
                    (Signed) "Eloise Nunez Fallo."

The plaintiff further alleged that the exchange was consummated and the titles to the two properties transferred in accordance with the above agreement, which entitled plaintiff to receive four per cent commission on the total purchase price of both properties or $980; that A. E. Schiro has paid him $380, and Eloise Nunez, widow Jacob Fallo, owes him one-half or $300, for which he prays for judgment.

The defendant admitted negotiating the sale with Schiro, but she denied that the plaintiff was entitled to any part of the commission claimed by him "for the reason that he improperly and unskillfully performed the services mentioned in plaintiff's petition, did not carry out defendant's instructions, and forced defendant to conclude the sale at disadvantageous terms and for a loss to defendant in excess of the amount claimed by said plaintiff."

There was judgment for plaintiff and defendant has appealed.

The defense is, that while the defendant had employed the plaintiff to procure a purchaser for her property for the price of $15,000, subject to a Homestead loan of $11,000, $4,000 cash, the purchaser, Schiro, did make an offer for that price and upon those terms, but on the day of sale, receded from his offer and forced her to accept from him $2300 cash and for the balance his note for $1474.35, the note being practically a second mortgage after the assumption of $11,000.

She was forced, as she avers, because if she had refused, the holders of the $11,000 mortgage would have foreclosed, and thus sacrificed her property.

We are of the opinion that the defense is not well founded. The plaintiff had procured a purchaser on her terms who signed an offer to that effect. There is nothing to show that she could not have compelled him to comply with his offer.

The danger that she anticipated of a foreclosure by the $11,000 creditor was of too remote a character to render the plaintiff liable in damages. That danger was not contemplated by the parties at the time of the contract, nor is it shown that the plaintiff was aware of it, C. C. 1934.

But if not satisfied with the change in the contract, the defendant could have refused it. She is presumed to have weighed the advantage of accepting it and the loss if she refused. After having accepted and profited by the services of the plaintiff, it would be against the law to refuse to pay for their agreed value. 9 C. J. 605; 4 R. C. L. 322; C. C. 1965.