No. 2539

Second Circuit

GARDNER v. ROBERTS

(May 22, 1928. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Appeal—Par. 197, 218; Pleading—Par. 68, 70.

An exception of no cause of action not insisted on in the trial court by the exceptor and not passed on by the District Court without objection on his part, will be deemed abandoned and not considered on appeal.

Gordon vs. Business Men's R. Assn., 140 La. 674, 73 So. 768.

2. Louisiana Digest—Slander of Title—Par. 9, 10; Petitory and Possessory Actions—Par. 3.

Where the defendant in a jactitation suit admits the slander and claims title, the suit is thereby converted into a petitory action, in which the defendant must recover on the strength of his own title.

Garrett vs. Spratt, 131 La. 707, 60 So. 199.

Clarkston vs. Vincent & Co., 32 La. Ann. 613.

Appeal from the Second Judicial District Court, Parish of Webster. Hon. John S. Richardson, Judge.

Action by Lewis S. Gardner against Mrs. Olive Goodwill Roberts.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

R. F. Langston, of Minden, attorney for plaintiff, appellee.

C. M. Roberts; L. K. Watkins, of Minden, attorneys for defendant, appellant.

STATEMENT OF THE CASE.

REYNOLDS, J. Alleging himself to be the owner under recorded title translative of property and in actual possession for more than ten years next prior to the commencement of the action of certain immovable property situated in Webster parish, Louisiana, plaintiff, Lewis S. Gardner, brought this suit against defendant, Mrs. Olive Goodwill Roberts, to recover the sum of $2000.00 with legal interest thereon, from judicial demand, damages alleged to have been sustained by him by reason of the defendant having caused to be recorded in the conveyance records of said parish an act purporting to convey to her the land so owned and possessed by him and claiming title to and ownership of the land in virtue of such act.

In the alternative should the court decree her title to the land superior to his, he alleges that he has put improvements on the land of a value of $500.00 and prays judgment against defendant for said amount.

Defendant filed an exception to the service of the citation and plaintiff was ordered to have service made anew and this was done.

Defendant filed an exception of no cause and no right of action, and she also filed an answer wherein after pleading the prescriptions of one, three, five and ten years she admitted the alleged slander and possession by plaintiff and set up title in herself in virtue of a sale thereof to her father, Alfred Goodwill, deceased, through whom she deraigns title, by the sheriff and

ex-officio collector of taxes of Webster parish on September 7, 1901, for taxes assessed against the same for the year 1900 in the name of Webster Harris, who, she alleges, was the owner and in possession of the land at the time the sale was made and had failed to pay the taxes assessed thereon for the year 1900.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant ordering the cancellation and erasure from the conveyance records of the title under which she asserted ownership of the land, and she appealed.

### OPINION.

The exception to the service of the citation was cured by the service anew.

The defendant did not insist in the lower court that her exception of no right or cause of action be passed on and made no objection to the trial judge not passing on it in advance of judgment on the merits and the exception must be deemed to have been waived and will not be considered on appeal.

Gordon vs. Business Men's Racing Assn., 140 La. 674.

Defendant admitted the alleged slander of plaintiff's title and in justification asserted a better title in herself. She thereby converted the action into a petitory one with herself as plaintiff and assumed the burden of succeeding on the strength of her own title rather than on the weakness of his.

She bases her title upon a sale of the property to her author in title, Alfred Goodwill, on September 7, 1901, by the sheriff and ex-officio tax collector of the parish of Webster, recorded in book 12 at page 7 of the conveyance records of said parish, for taxes assessed thereon for the year 1900 in the name of Webster Harris.

The record shows that the land was patented by the United States to Boston Smith on December 16, 1887, who, by act dated December 6, 1898, recorded October 30, 1900, in conveyance record 10 at page 443, sold the land to J. M. Moore, who, by act dated November 2, 1900, recorded in book 1 at page 484 of said records, sold it to J. L. Allen, who, by act dated January 12, 1901, recorded in book 11 at page 76 of said records, sold it to Bodcaw Lumber Company, which, by act dated December 31, 1912, recorded in book 23 at page 250 of said records, sold it to plaintiff, Lewis S. Gardner.

Webster Harris, the person to whom the property was assessed for the year 1900 and for the taxes assessed to whom for that year it was sold, was never the owner of the property. On the first day of January, 1900, J. M. Moore was the record owner of it, and at the time of the sale to Alfred Goodwill the Bodcaw Lumber Company was the record owner.

Plaintiff testified that when he bought the land he immediately took possession of it and has been in possession of it ever since. That it was then not cleared but covered with scrubby timber and that he had cleared and put in cultivation about twelve acres of it.

J. I. Allen testified that he bought the land in 1900 from J. M. Moore and that he paid the taxes assessed on it for that year; that his regular taxes were paid on December 27, 1900, and that the taxes on the land in controversy were paid by him in another man's name as the land was not assessed to him for that year. Asked in whose name it was assessed for 1900

and in whose name he paid the taxes, he answerd:

"In the name of Webster Harris, or J. M. Moore. I was under the impression it was J. M. Moore's name.           `

*  *  *

"Q. Have you these tax receipts?
"A. No, sir; I turned them over to the other fellow. I was under the impression I turned them over to Mr. Moore, but I see from the records that it was in the name of Webster Harris.

*  *  *

"Q. Why was it not marked paid on the tax roll?
"A. It is marked paid on the tax rolls.
"Q. Paid by the Goodwill tax payer?
"A. It is marked paid there, and I notice from examining the records it is marked paid, then a cross mark across it later, and marked paid by the Goodwill tax-payer, but they did not have that there when I paid it. The word 'paid' was put on there when I paid the taxes, and I called the sheriff and tax collector's attention to it at the time and he said 'you are right.'
"Q. Who was that?
"A. Mr. Griffith. He says 'I cannot tell you who marked the line across "paid".' He says 'I can't tell you.' And I says 'would you have marked it paid if it had not been paid,' and he says 'I certainly would not'."

The tax sale relied on by defendant in support of her claim of title to the land was void because of the payment previous to the sale of the taxes for which the sale was made. From January 12, 1900, until after the sale for taxes the Bodcaw Lumber Company was the record owner of the land and it does not appear that any notice of tax delinquency was given to that company and in the absence of such notice no legal sale could be made.

Ryals vs. Todd, ___ La. ___, (decided October 31, 1927, and not yet reported.)

The judgment appealed from is correct and is therefore affirmed.