No. 2657

Second Circuit

DEVEREAUX & ASHBY v. ROCHESTER

(March 12, 1929. Opinion and Decree.)
(April 5, 1929. Rehearing Refused.)

Charles M. Roberts, of Minden, attorney for plaintiff, appellee.

L. K. Watkins, of Minden, attorney for defendant, appellant.

WEBB, J. This is an action to recover a broker's commission.

Plaintiffs, Devereaux & Ashby, allege that defendant, Marshall Rochester, had employed them to find a purchaser for certain real estate, owned by defendant, at the price of sixty-five hundred dollars, with the understanding that plaintiffs would receive five per cent of the price as their commission, and that they had introduced a prospective purchaser who had agreed to pay the price, and that the offer had been accepted by Rochester, who however, subsequently refused to consummate the sale.

Defendant answered pleading the general denial, and, on trial, judgment being rendered in favor of plaintiff, defendant appealed.

Pending the appeal, Devereaux died, and his heirs having been made parties plaintiff, filed a motion to dismiss the appeal, on the ground that the transcript had not been filed in this court on or before the return day; and we first consider the motion to dismiss the appeal.

Plaintiffs have not filed any brief in support of the motion to dismiss, and it not appearing that the failure to file the transcript was due to the fault of the appellant, but to the fault of the clerk of the District Court, whose duty it was to file the transcript, the motion to dismiss the appeal is refused. Stockbridge vs. Martin, 162 La. 601, 110 So. 828.

On the merits, while the evidence is conflicting as to whether or not defendant had agreed to pay plaintiffs a commission, we find that the preponderance of the evidence established that defendant had listed the property with plaintiffs under the agreement as alleged and that plaintiffs had introduced to defendant J. B. Lee as a prospective purchaser, who was shown the property by Rochester, and who offered to take the property at the price above stated, which was accepted by Rochester, and that each of the parties deposited with plaintiff, Devereaux & Ashby, a check of one hundred dollars to bind the trade, but that on the day the sale was agreed to be consummated, Rochester refused to transfer the property as his wife would not consent, and that Rochester asked for time to attempt to persuade his wife, which was acceded to by Lee, the prospective purchaser, and Rochester, having obtained the consent of his wife, offered to make the transfer, but that Lee, having in the meantime purchased other property, refused to take a deed to the property, and that Rochester and Lee withdrew the checks which had been deposited by them, and the defendant contends that the failure to make the transfer was due to the fault of the prospective purchaser introduced by plaintiffs, and that they cannot recover any commission.

While it is well recognized that a broker who produces a prospective purchaser who is ready, able and willing to take the property at the price and on the terms offered by the principal, is entitled to recover his commission, where the principal refuses to accept the offer or consummate the sale. R. C. L., Brokers, vol. 4, page 307; Gurley & Parkerson vs. Loeffler, 14 Orl. App. 424; Jordy vs. Salmen Brick Co., 121 La. 458, 46 So. 572; nevertheless the contract for commission contemplates that a sale will be made, and where the prospective purchaser merely enters into a contract or promise of sale, with a deposit to bind the contract, and the prospective purchaser thereafter refuses to take title, the broker cannot recover any commission under the contract.

In the present instance there is some conflict in the evidence as to whether or not Lee agreed to give Rochester further time to obtain his wife's consent, but it is conceded that the earnest money was not withdrawn until after Rochester had obtained his wife's consent to the sale, and we are of the opinion that the failure to consummate the sale was due to the fault of Lee, and not to Rochester.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that plaintiffs' demands be rejected at their cost.