BARRY v. GUIFFRIA

---

(March 18, 1929. Opinion and Decree.)

---

Spencer, Gidiere, Phelps and Dunbar, of New Orleans, attorneys for plaintiff, appellee.

Sam Schwing Kiblinger and Lloyd J. Cobb, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff sues for a commission of $1,250.00, under an agreement whereby this sum was to be paid him, by the defendant in this suit, for securing for the defendant a loan of $25,000.00, on certain real estate owned by him.

The contract between the parties is evidenced by a letter addressed to plaintiff by defendant in the following words:

"Mr. John L. Barry,
"New Orleans, La.
"Dear Sir:
"I have sold my tract of land in Jefferson parish, containing 52 acres, which is subdivided into 580 lots, and known as Ridgewood Park Sub-division, for the sum of $131,250.00, $25,000.00 cash and the balance of $101,250.00 to be paid in equal payments in one, two, three, four and five years.

"I desire the Act of Sale of this property to be passed before Titche, Kiam & Titche.

"I desire to borrow $25,000.00 for one year, at 7% interest, payable semi-annually, and hereby appoint you my Agent to secure for me said loan of $25,000.00. I will execute to parties making said loan my note for $25,000.00, due one year after date, at 7% interest, payable semi-annually, and in order to secure the payment of said loan of $25,000.00 I hereby agree to deliver to the party making said loan, to be held in trust the notes of $101,250.00 referred to above, and in addition agree to execute to said party, to be held in trust, the third mortgage of $25,000.00 on my property at 349 Baronne Street, known as the Catholic Woman's Club.

"It is understood and agreed that the party making said loan will agree and execute release of lots sold in Subdivision upon payment of $175.00 in cash for each lot released. Subject as follows:

"It is understood and agreed that I have the privilege of paying this loan, or any portion of it, at any time with the distinct understanding, however, that I am to pay a full year's interest, at seven per cent on $25,000.00, irrespective of any amounts paid on the principal prior to maturity.

"In consideration of your securing for me said loan of $25,000.00, I hereby agree to pay you a commission of five per cent or $1,250.00, for your services, said amount

to be paid to you at the time loan is closed.

"I further agree to furnish to the party making said loan, a title policy of the Union Title Guarantee Company for not less than $50,000, insuring title to said fifty-two acres.

"(Signed) A. GUIFFRIA.

"Witnesses:

"Mrs. L. Horn,

"John L. Barry,

"Signed in duplicate this 25th day of August, 1926."

Plaintiff succeeded in negotiating the loan with Messrs. Kiam and Titche, as is evidenced by the following:

"August 27th, 1926.

"Mr. John L. Barry,

"New Orleans, La.

"Dear Sir:

"Mr. Kiam and myself have read the proposition on the reverse hereof and agree to lend MR. GUIFFRIA, your principal, the sum of $25,000.00, secured as outlined in your proposition. The act of Mortgage for the sum of $101,250.00 is to be prepared and passed by this office and we are likewise to examine the title to the said property and our offer is of course predicated upon our finding the title satisfactory.

"Yours very truly,

"VICTOR K. KIAM and

"BERNARD TITCHE, JR.

"(Sgd.) by BERNARD TITCHE, JR."

The defendant, Guiffria, declined to borrow the money, and refused to pay Barry, the plaintiff, his commission on the ground that his purchaser, the Southern Realty Company, had refused to take the property and comply with his agreement to purchase. His position, with respect to Barry's commission, being that, since under the contract, it was to be paid "at the time the loan was closed," the loan not having been closed, no commission was due.

Defendant argues that the words "closed, consummated, completed, effected and terminated" are synonymous, and that in providing that payment should be made when the loan was closed, it was intended that payment should not be made, if the loan was not closed. In other words, plaintiff's commission was to be contingent upon the closing of the loan.

We are referred to Blanc vs. The New Orleans Improvement and Banking Company, 2 Robinson 63, where the plaintiff was not permitted to recover a commission for negotiating a loan which was to be paid when the loan "shall have been effected," because the loan was never effected. Also to McWilliams vs. Lyons, 5 Orl. App. 231, where the plaintiff was denied recovery of his commission of 2%, due when act of sale has been completed, because "plaintiff cannot be considered as having effected the sale," the purchaser refusing to carry out his agreement to purchase.

Other cases cited by defendant: Nutting & Company vs. Kennedy, 16 Ga. App. 569, 85 S. E. 767; Evans vs. Marr, (C. C. A.) 298 Fed. 288; Stanton vs. Carnahan, 15 Cal. App. 527, 115 Pacific 339; Morse vs. Conley, 83 N. J. Law, 416, 85 Atlantic 196, etc., are not in point.

In all of these cases, the contract stipulated that the commission was to be payable only in the event of the consummation of the sale, or the sale, upon which the commission was to be paid, was not consummated by reason of the refusal, or inability of the purchaser, or party represented by the agent, to go on with the transaction.

In the case at bar, Barry's compensation is not dependent upon the consummation of the sale, which Guiffria had made of his property to Southern Realty Company, but, on the contrary, the contract in its opening paragraph announced, as a fact, that defendant's property had been sold, and, that in the carrying out of the terms of the sale, defendant desired to borrow $25,000.00, for the obtaining of which loan, Barry,

the plaintiff, it was agreed, was to receive a commission of 5%, or $1,250.00. Barry is in no sense responsible for the failure of defendant's purchaser to take the property. He carried out his agreement and obtained the loan which defendant desired. If defendant's purchaser breached the contract with defendant for the purchase of his property, the law provides a remedy, but it does not relieve defendant of his obligation to pay plaintiff for his services, under the contract, which plaintiff had performed.

The fact that the plaintiff was to be paid, when the loan was closed, merely refers to the time of payment, but does not impose a condition affecting plaintiff's right to recovery. The reason the loan was not made, was not due to plaintiff's inability to secure it, but because defendant refused to accept the loan. His refusal, it is true, was based upon his inability to compel the Southern Realty Company, his purchaser, to comply with its agreement to buy his property, a circumstance which doubtless made the loan undesirable. It is said that defendant made every effort to persuade his purchaser to take the property, and we have no doubt of the sincerity of his efforts to accomplish that result. However, the fact remains, that the fault lies with defendant, and not with plaintiff. The parties whom plaintiff had induced to loan the money, continued in their willingness to do so and their offer was not withdrawn. Barry did not undertake to sell defendant's property but to find someone willing to loan him money, upon the terms stipulated in the contract. This he did, and more can not be required.

The case at bar is very similar, as to its facts, with that of Gurley & Parkinson vs. Julius Loeffler, 14 Orl. App. 424, where it was held "that a broker employed by a vendor to negotiate a sale or exchange of property is entitled to his commission when he has found a purchaser, although the sale is never consummated owing to the fault of the vendor." Numerous authorities are cited and discussed in this case, which we do not consider necessary to review.

The trial court rendered judgment for plaintiff as prayed for and we are of the opinion that the judgment is correct.

For the reasons assigned the judgment appealed from is affirmed.