## CLESI v. THACHER

(December 16, 1929. Opinion and Decree.)

Prowell, McBride & Ray, of New Orleans, attorneys for plaintiff, appellant.

Milner & Porteous, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. This is a suit by Nicholas J. Clesi, a real estate broker, claiming a commission of $1,380 under the following agreement entered into between Harry Goldstein, represented by plaintiff, and Arthur W. Thacher, defendant herein, and represented by David C. Loker, as his agent. The agreement reads as follows:

"New Orleans, La., Dec. 13th, 1926.
"N. J. Clesi, Realtor, City: I hereby offer and agree to purchase through you the property 3521-21½-23-23½, Camp street,

fourplex apartment building, together with all permanent fixtures and improvements therein, the grounds measuring about 50'x 92' 7" with community drive of 8 ft. and yard in common and 4 garages, for the sum of Twenty Three Thousand and no/100 Dollars ($23,000.00) on terms of cash. Coincident with and upon acceptance of this offer vendor agrees to purchase from me the two double cottages Nos. 1660-62-64-66 N. White Street for the price of $11,500.00 cash, on which I agree to pay N. J. Clesi, Agent, 4% commission for services. Balance——— years credit as per notes secured by mortgage and vendor's lien bearing ——— per cent. interest per annum payable ——— and all other usual and customary security clauses. The taxes of current year to be pro-rated. All proper and necessary certificates to be paid by vendor.

"Act of sale to be passed before purchaser's Notary, within sixty days at expense of purchaser. Possession to be given at act of sale.

"If this offer is accepted we bind ourselves to deposit with you immediately, as part of the purchase price, 10% represented by demand notes, ——— ($———) Dollars, this deposit to be noninterest bearing and is not to be considered as earnest-money, the parties hereto reserving the right to demand specific performance.

"Should we fail to comply with the terms of this offer if accepted we obligate ourselves to pay the commission, and all fees and costs incurred in enforcing collection. This offer is to remain binding and irrevocable through December 14th, 1926.

"(Signed) David C. Loker,
"Agent for the Purchaser.
"New Orleans, La., December —, 1926.

"I hereby accept the above offer, also terms and conditions, and agree to pay you for services rendered, 4% commission on full amount of sale, same being earned and payable when agreement to purchase is signed and the offer is accepted. Commission on both sales to be divided between N. J. Clesi and David C. Loker equally.

"(Signed) Harry Goldstein."

The authority of Loker to represent the defendant is admitted, but it is contended that no commission is due plaintiff because the contract relied on was inchoate, in that it was contemplated that a subsequent agreement would be entered into whereby Thacher was to agree to purchase Goldstein's property, and this is said to be evidenced by the acceptance of Goldstein and the use of the words, referring to the payment of a commission, "payable when agreement to purchase is signed and the offer is accepted."

The trial court found that no tender of title to the Goldstein property had been made within the 60 days mentioned in the contract, during which time Thacher's offer was to be irrevocable, and held this circumstance fatal to plaintiff's recovery.

We are unable to agree with our brother below. Clesi's claim for his commission was not affected by a failure of Goldstein to put Thacher in default. To begin with, Thacher admits that he refused to carry out the agreement and thus actively breached the contract making a putting in mora unnecessary. A real estate agent earns his commission when he procures a purchaser willing and able to buy the property he has for sale, whether the sale is consummated by the vendor or not. Gurley & Parkinson vs. Loeffler, 14 Orl. App. 424; Steppach vs. S. E. Worms & Co., Ltd., 7 Orl. App. 216; Dauterive vs. West India Transportation Corp., 3 La. App. 319.

The question for our determination is whether the instrument sued on is complete in itself or whether it was a preliminary engagement contemplating some further action of one or the other of the parties. In this connection we observe from the record that both parties immediately following the signing of the agreement deposited 10 per cent of the purchase price of their respective properties with

Clesi as the agreement obligated them to do. It appears therefore that both Goldstein and Thacher considered the contract complete at that time and that both began the execution of it. Their construction of the agreement then is most important in determining its meaning now. Moreover, the contract on its face seems to contemplate no supplement. It is unusual, as counsel points out, but we are of opinion that the document evidences an agreement between the parties whereby Thacher, through his agent, agreed to purchase from Goldstein the property described therein for $23,000, conditioned upon Goldstein purchasing Thacher's property, described therein, for $11,500. It was, in effect, a mutual offer to buy and to sell and, in our judgment, the words relied on by defendant to the effect that a 4 per cent commission would be paid to Clesi by Goldstein "when agreement to purchase is signed and the offer is accepted" are of no importance.

Plaintiff based his claim upon the aggregate price of both Thacher's and Goldstein's properties, which were to be mutually conveyed under the agreement. He is only entitled to a commission upon the purchase price of Thacher's property, $11,500, because Thacher only agreed to pay Clesi commission on his property. Plaintiff should recover 4 per cent of $11,500.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there plaintiff, and against Arthur W. Thacher, defendant, in the full sum of $460 with legal interest from judicial demand and be judgment in favor of Nicholas J. Clesi, all costs.