No. 3883

Second Circuit

———

## NEAL v. MURFF

———

(January 27, 1931.   Opinion and Decree.)
(February 26, 1931.   Rehearing Refused.)

———

Reynolds, Hamiter & Hendrick, of Shreveport, attorneys for plaintiff, appellee.

Murff & Perkins, of Shreveport, attorneys for defendant, appellee.

WEBB, J.   This action was brought by T. S. Neal to recover judgment against C. D. Murff for $850, with legal interest from judicial demand; and plaintiff appeals from a judgment rejecting his demands.

Plaintiff alleged that, acting in his capacity as a real estate broker, he entered into a contract with defendant to find a buyer or party who would be willing to exchange property in Caddo parish for property owned by defendant in Bossier parish; that on December 6th, 1929, he had perfected an agreement between defendant Murff and E. D. and H. Rodenhouse, as shown by the agreement annexed and made a part of his petition.

The agreement referred to purports to be an executory contract of exchange of certain property owned by defendant in Bossier parish for certain property owned by E. D. and H. Rodenhouse in Caddo parish, in which Rodenhouse agrees to assume an indebtedness against the Murff property of approximately $3,300, and Murff, to assume an indebtedness of approximately $3,000 against the Rodenhouse property.   Each of the parties declared they would pay the taxes assessed against the respective property owned by him for the year 1929, and that each would furnish to the other an abstract of their titles, and, among other provisions, there were two which read as follows:

"This agreement to be carried out on or

before January 2d, 1930; and the above is based on the ability of said parties to make a good and valid title to said properties free from all incumbrances, except as to that assumed."

"And to this agreement now comes T. S. Neal, who declared that in the event this trade is consummated, he waives the option held by him for the purchase of the Murff property. At the time of closing this trade, the said Chas. D. Murff agrees to pay T. S. Neal eight hundred and fifty dollars and Ed. Rodenhouse agrees to pay T. S. Neal six hundred dollars. Should any defect show up in the titles to said property, a reasonable time shall be given in order to have same cured."

Plaintiff further alleged that Rodenhouse had complied with all the obligations imposed upon him by the agreement, and was ready to carry out the contract on January 2, 1930, and that on said date and continually since Murff had refused to consummate the exchange.

Defendant excepted that the petition failed to state a right or cause of action, which was referred to the merits, and thereafter plaintiff filed several amended petitions, in which, among other allegations, plaintiff alleged that Rodenhouse had tendered Murff an abstract of his titles, which was refused, and, further, that Murff had on several occasions prior to January 2, 1930, declared he would not proceed under the agreement unless Rodenhouse would consent to his reserving a part of the minerals in the lands agreed to be transferred to Rodenhouse.

Defendant filed exceptions of no cause or right of action as the amended petitions were filed, which were referred to the merits; and, under reservation of his rights in the exceptions, defendant answered, admitting that he had signed the instrument sued upon, otherwise pleading a general denial, and alleged that the instrument sued upon shows on its face that plaintiff was not to recover any commission unless the exchange was made; that neither Neal nor Rodenhouse had tendered him an abstract of the latter's title; and defendant further alleged that he was at plaintiff's office on the date the exchange was to be made, ready to carry out the executory agreement, but that Rodenhouse failed to appear, and that the failure to consummate the exchange was due to the fault of Rodenhouse.

In presenting the cause here, appellee urges that his exception should be sustained, and plaintiff's suit dismissed, and, in event the exceptions should not be sustained, appellee urges that the evidence did not establish that the failure to consummate the exchange was due to the fault of defendant and the judgment should be affirmed; while appellant urges that the instrument signed by the parties shows that plaintiff had complied with his obligations towards his principal, Murff; that the evidence established that the failure to consummate the agreement was due to the fault of Murff, and he should have judgment.

With reference to the exceptions, the record does not show that defendant objected to the exception being referred to the merits, and, as the court did not pass upon any of the exceptions, in the absence of an answer to the appeal urging that the exceptions should be considered, the exceptions must be held to have been waived. Gordon v. Racing Ass'n, 140 La. 674, 73 So. 768; Ashbey v. Ashbey, 41 La. Ann. 138, 5 So. 546; Siragusa et al. v. Ill. Cent. R. R. Co., 152 La. 746, 94 So. 376.

On the merits, the evidence was conflicting relative to whether the failure to carry out the agreement was due to the fault of Murff or Rodenhouse. It is conceded, however, that, on the day following the

date of the agreement, the parties met at plaintiff's office, and that Rodenhouse proposed to exchange other property with defendant in addition to that agreed to be exchanged, and that, in the discussion of the exchange, the question of defendant's reserving a part of the mineral rights on the property agreed to be transferred arose; that, Rodenhouse refusing to allow defendant to reserve any part of the mineral rights, some doubts arose as to whether defendant would proceed under the agreement, as both Neal and defendant state that, after Rodenhouse left, defendant said he would not allow the refusal of Rodenhouse to allow him to reserve a part of the mineral rights to interfere with the agreement, and they shook hands, presumably to confirm the statement. Defendant states that the discussion referred to was the only one had between the parties, while both Rodenhouse and plaintiff state that there were other negotiations relative to defendant's retaining a part of the mineral rights; and, Rodenhouse refusing to allow defendant to reserve any of the mineral rights in the property agreed to be exchanged, defendant refused to proceed under the agreement, which is supported by the fact that Rodenhouse consulted with attorneys relative to bringing suit against Murff to enforce the agreement.

We find that the preponderance of the evidence shows defendant did refuse to carry out the agreement; and, while it may be that Murff did not regard the refusal as final, and thought that the negotiations would be continued (which is indicated by his testimony that he called at plaintiff's office on the date the exchange was to be made and offered to sign an act of exchange subject to examination of titles, or, in other words, to sign another agreement of practically the same legal effect as that previously signed, which he concedes he had not made any effort to carry into effect), we are of the opinion that plaintiff and Rodenhouse had the right to accept the refusal as final, and that the refusal was an active breach of the contract (Clesi v. Thatcher, 12 La. App. 55, 125 So. 194), which relieved plaintiff from showing that defendant was placed in default prior to enforcing payment of the stipulated commission.

In support of the contention that the agreement was that plaintiff would not receive any commission unless the exchange was made, appellee refers to the provision in the agreement hereinabove quoted, while appellant urges that the plaintiff, having brought the parties together, and they having signed the agreement to exchange properties, plaintiff had complied with his obligation, and earned the commission, and that the stipulation relative to the commission merely referred to the time the commission would be due and payable.

While it must be conceded that the parties could have agreed that plaintiff should not receive the stipulated commission unless the exchange was consummated (article 2991, Civ. Code; Waterman v. Gibson, 5 La. Ann. 672; Gurley v. City of New Orleans, 41 La. Ann. 75, 5 So. 659; Kock v. Emmerling, 22 How. 69, 16 L. Ed. 292), or that such an agreement might be implied, which would have been the case if the failure to consummate the agreement had been due to the inability of the parties to make good and valid titles to the properties, yet the agreement to exchange the properties shows that the plaintiff, broker, had complied with his obligation to defendant, his principal, and there was not anything else for him to do, and that the matter of executing the agreement was for the parties Murff and Rodenhouse.

We are therefore of the opinion that the written agreement shows that plaintiff had earned the stipulated commission, and that, in the absence of an express declaration in the agreement that the stipulated commission would not be paid unless the exchange was made, plaintiff was entitled to receive the commission when defendant refused to proceed under the agreement and to consummate the exchange. Barry v. Guiffria, 10 La. App. 123, 120 So. 878.

The judgment appealed from is therefore avoided and reversed, and it is now ordered, adjudged, and decreed that plaintiff, T. S. Neal, have and recover judgment against defendant, C. D. Murff, in the sum of $850, with legal interest from judicial demand, and all costs of suit.