McBRIDE, Judge. '
This appeal involves the claim of The Tyler Company against defendant for the balance due on two open accounts. In the petition, The Tyler Company is designated as a “sole proprietorship and local insurance agent doing business in the City of New Orleans, State of Louisiana,” and judgment is prayed -for in favor of The Tyler Company; nowhere in the petition does the name of its proprietor appear.
The defendant interposed the exceptions of no cause or right of action, and in accordance with the rules of the First City . Court of New Orleans, which require that exceptions and the answer be filed at one and the same time, he filed an answer pleading the general issue.
*403 When the case was called for trial in the lower court, the judge referred the exceptions to the merits, to which action of the court no objection was made by defendant. After hearing the evidence, and without passing upon the exceptions, the court dismissed the action as of nonsuit, at the cost of petitioner.
Defendant, in brief, seeks to reurge the exceptions before us, the gravamen of his argument in support thereof being that the petition shows no cause or right of action, because The Tyler Company is without legal status or legal entity to prosecute the suit and stand in judgment.
As a general rule, where a defendant does not object to his exceptions being referred to the merits, and the court does not pass upon them, unless defendant makes answer to the appeal urging that the exceptions be considered by the appellate court, they must be held to have been waived. Neal v. Murff, 16 La.App. 60, 133 So. 418; Gordon v. Business Men’s Racing Ass’n, 140 La. 674, 73 So. 768; Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546; Siragusa v. Illinois Cent. R. R. Co., 152 La. 745, 746, 94 So. 376. But, it has also been decided that an appellate court may dismiss the suit if the petition of the plaintiff discloses, as a matter of law, that he had no right of action, even though the defendant did not file a formal exception to that effect. Otwell v. Vaughan, 186 La. 911, 927, 173 So. 527. The question, whether the plaintiff has a legal cause or right of action, is presented on appeal in every case, whether pleaded specially or generally. State v. Winehill & Rosenthal, 147 La. 781, 786, 86 So. 181.
In the early case of Brown & Sons v. Saul, 4 Mart., N.S., 434, 437, the lack of any interest in the prosecution of the suit, insofar as two intervenors were concerned, was noticed by the court ex proprio motu. In answer to the intervenors’ objection that no exception had been pleaded, or that no issue on the point had been raised in the trial court, it was said: “It is perhaps a rule, almost without exception, that all objections to the personal capacity of a suitor to appear in justice, should be made in limine litis; * * * and even peremptory exceptions should be regularly pleaded; but a total want of legal right in a suitor, in relation to the matters in litigation, ought to be taken into consideration and acted on by courts of justice, at any stage of a cause. They should not remain silent spectators of infringements of the true principles of laws, which they are appointed to administer.”
During the course of the trial, A. deL. Tyler was permitted to testify, over the timely objection of defendant, that he owned The Tyler Company. The objection was intended to, and did, challenge the right of Tyler to bring the suit in the name of The Tyler Company, and was of itself sufficient to bring the matter up before us for consideration, as by way of the objection the defendant preserved his right to' raise the issue in the appellate court.
An analogous situation concerned the court in Penny v. New Orleans Great Northern R. Co., 135 La. 962, 66 So. 313, where defendant’s objection to plaintiff’s testimony, on the ground that the plaintiff had not the legal right to bring the suit, was overruled by the trial judge, but was reurged in the Supreme Court, where it was, in effect, sustained and plaintiff’s suit dismissed.
Art. 172, C.P., provides that “The petition must be drawn in the English language, and it must mention: * * *
2. “The name, surname and place of residence of the plaintiff. * * *”
In Louisiana, artificial persons, such as partnerships, public or private corporations, as well as natural persons, may appear in courts as parties litigant. In some -few instances, the law permits the appearance in court of unincorporated associations. We are not aware of any statute which gives one the right to bring suit solely in his fictitious trade name or business interest, and we are unable to find any jurisprudence which involves the precise matter under consideration.
 We think that C.P. art. 172 contemplates that a plaintiff must be a natural person, or an artificial person having a legal entity. Where a suit is brought in *404 the name of that which has not the legal right to appear in courts, it can be treated as nothing more than, a radical nullity. Tyler appeared as a witness at the trial, and testified that he was the proprietor and operator of The Tyler Company, and if that be so, the suit should have been brought in his name, and not in the fictive appellation applied to his business.
In De Renzes v. His Wife, 115 La. 675, 39 So. 805, 2 L.R.A.,N.S., 1089, the Court held that, in view of the provisions of Art. 172, C.P., “the plaintiff shall bring suit in his real name; not in a fictitious name.”
The defect in the petition is not, as counsel for The Tyler Company argues, a mere misnomer. The fact that there is signed at the foot of the petition the words, “The Tyler Company By A. deL. Tyler,” and the additional fact that A. deL. Tyler executed the affidavit of verification appended to the document, which contains the statement that “he is the owner of The Tyler Company, a s,ole proprietorship, and local insurance agent doing business in the City of New Orleans, Louisiana,” does not cure the defective manner in which the petition was drawn.
The signing of the petition and the execution of the affidavit by Tyler does not satisfy the intendment of the law that there shall be a real and actual plaintiff. While the style of a petition is wholly left to the taste of the pleader, it must be drafted in accordance with the provisions of the articles of the Code of Practice. In speaking of a petition, the Supreme Court said, in Lukis v. Allen, 45 La.Ann. 1447, 1448, 14 So. 186: “It can be fancy, on green paper, or on white and green, so arranged as to alternate in colors, if so desired. The only requisite for it is that it be a written or printed' document prepared in accordance with articles 171, 172, Code Pr.”
The principle, that the real party at interest shall appear as plaintiff in a suit, has never been relaxed by our courts. For instance, in the leading case of Wolf v. New Orleans Tailor-Made Pants Co., Ltd., 52 La.Ann. 1357, 27 So. 893, 894, a petition filed by “Samuel A. Marcuse, Abraham J. Wolf, and Marcus J. Wolf, citizens of the state of Louisiana and residents of the-parish of Orleans, and conducting a commercial business in the'city of New Orleans under the firm name of B. J. Wolf & Sons”, was dismissed on defendants’ exception that the petition showed on its face that the parties plaintiff had no interest in the cause of action. The Court commented as follows:
“Plaintiffs’ pleadings show affirmatively that they were associated together, conducting a commercial business under a firm name. Resulting from that fact followed the creation of a commercial partnership with a firm name. It was an entity, for the purpose of rights and obligations, of suits and of judgments for and against it, differing from the individuals creating and composing.it. Suits in its favor should be brought as a partnership, in the firm name, and as appearing through and represented by all of the partners composing the partnership; their full names and residence being set out in the petition. Plaintiffs recite the fact that they were conducting a commercial business under the firm name of B. J.-Wolf & Co., but .they do not declare that in appearing in the suit they do so in their capacities as partners of the partnership, and as collectively representing and bringing the partnership into court.
******
“We regret having to dismiss a suit brought on behalf of a partnership in a manner which has been so often acquiesced in, but, as we believe the exception to be well taken in this state, we are forced to sustain it.”
It is alternatively contended that if the suit was erroneously brought, the petition was amenable only to an exception of misnomer, which should have been filed in limine, and that, in the absence of such exception, when the defendant proceeded to trial' on the merits of the case, he debarred himself from asserting on appeal the defect in the petition. We are cited to several cases, none of which we deem apposite, holding that a dilatory exception of misnomer filed in limine is the proper procedure to follow where there appears a discrepancy in a litigant’s name. We are not *405 dealing here with a misnomer as to the plaintiff, but rather with the proposition of the absolute lack of legal capacity of the asserted plaintiff to appear in court and -stand in judgment.
The so-called suit should have been dismissed by the trial judge. It is now ordered, adjudged, and decreed that the judgment appealed from be set aside and annulled, and that there now be judgment in favor of defendant, James R. Sutton, dismissing the proceedings instituted by The Tyler Company, without cost to defendant.
Annulled and rendered.