ELLIS, Judge:
This is a suit for a real estate commission by J. W. Puckett, a real estate broker, against Elvin Broussard. After trial on the merits, judgment was rendered dismissing plaintiff’s suit and he has appealed.
*1022 Mr. Broussard was the owner of the Fiesta Motel in Port Allen, Louisiana. On October 7, 1975, he was presented with an agreement to purchase the motel, signed by Dan Mathews or Assigns, for a total price of $200,000.00 payable “CASH, Thirty-five thousand and 00/100 Dollars ($35,000.00) at the time the sale is passed, and I/we will pay the balance One hundred sixty-five thousand and 00/100 Dollars ($165,000.00) as follows: $2300. approx, per month, plus/including interest at 7% per annum. This agreement is subject to the above terms being acceptable to a lending agency or agencies, or other financing arrangements acceptable to the present owner of the property. Mtg. to be assumed.”
On the same date, Mr. Broussard executed the following acceptance on the reverse of the agreement:
“I/We accept the offer as signed on the reverse side of this sheet, and agree to pay J. S. Puckett, Agent, the commission of Twenty thousand dollars and 00/100 Dollars ($20,000.00). If this agreement is terminated by mutual agreement of buyer and seller, the commission will nevertheless be due the agent.”
The agreement further provided that the act of sale was to be passed before a notary within 30 days at purchaser’s expense. Mr. Puckett was authorized, in the agreement, to employ Emile Weber to act as the purchaser’s attorney.
About five days after the expiration of the 30 days allowed for passing the sale, Mr. Puckett called Mr. Broussard and told him that the sale was to take place that day. Mr. Broussard and Mr. Puckett went to Mr. Weber’s office together. The testimony of the parties is in hopeless conflict as to what took place thereafter.
Mr. Puckett testified that Mr. Broussard told him, on the way to Mr. Weber’s office that he was not going through with the sale; and that Mr. Mathews was not present at the office; and that he had no recollection of anything being said about Mr. Mathews being unable to raise the money to buy the property.
Mr. Broussard testified that he went to the office ready, willing and able to pass the act of sale; that Mr. Mathews was there and said that he was unable to raise the money for the sale. Mr. Broussard then told Mr. Puckett and Mr. Weber’s son that he considered the agreement void and that he was putting the property back on the market. He further testified that he asked for the $5,000.00 deposit which Mr. Puckett was holding, and learned that Mr. Puckett had never negotiated the check given him. The applicable law in a case such as this is given in Leaman v. Rauschkolb, 1 So.2d 338 (Orl.La.App.1941) as follows:
“We discern, therefore, that it is the view of the Supreme Court that agency contracts of this kind should be interpreted to mean that the vendor hires the real estate agent with the intention of becoming liable for a commission only in the event a sale of the property is consummated; that explicit provisions to the contrary contained in the contract will not be enforced, since, to do so would lead to an absurd consequence and that the vendor is not responsible for a commission in the event the sale is not consummated unless (1) it appears that he, the vendor was at fault in that he refused to convey the title to the purchaser without cause or (2) unless he is unable to consummate it because his title, at the time he agreed to sell, was not marketable.”
The trial judge in this case could find no fault on the part of Mr. Broussard, and there is ample evidence to support his conclusion. Plaintiff’s contentions that Mr. Broussard bears the burden of proving that Mr. Mathews was financially unable to consummate the sale, and that he was required to take some affirmative action, such as having the sale prepared himself, or instituting an action for specific performance, is simply not the law, insofar as Mr. Puckett’s suit for his commission is concerned. Mr. Puckett alleges that he is due a commission and he must prove he earned it. To do so, he must show that he found a buyer, ready, willing and able to take title and that the sale did not pass due to Mr. Broussard’s refusal to convey title without cause. He has not done so.
*1023 The judgment appealed from is therefore affirmed, at plaintiffs cost.
AFFIRMED.